## CONES *v.* VANOSDOL.

An award made under c. 44, R. S. 1843, and signed and returned to the Circuit Court by the arbitrators named in the submission, is not vitiated or annulled by being also signed by a third person who had no authority to act.

The agreement for the submission of a cause to arbitration provided that all matters of difference therein pending, &c., should be referred to the arbitrament and determination of *A.* and *B.*, with liberty to the arbitrators, either before they entered upon the arbitration, or at any time pending the reference, to appoint an umpire; and that they, or a majority of them, should make their award in writing, and return the same. *Held,* that the person designated as an umpire, was intended to be merely an arbitrator.

A term improperly employed in a written agreement will not control its construction where the meaning of the parties is palpable.

Objections to a person's sitting as an arbitrator ought to be made at the trial before the arbitrators.

The R. S. 1843 require that the arbitrators shall be sworn, but do not require that the award shall contain evidence thereof.

That fact may be shown *aliunde.*

The defendant against whom an award was made, under c. 44, R. S. 1843, appeared to a motion to have the award entered of record. The Court granted the motion, the defendant not excepting thereto, and also a rule requiring the defendant to show cause, &c. *Held,* that it must be presumed that a copy of the award had been duly served upon the defendant.

The order of submission of a cause recited that all matters of difference in the cause now pending in, &c., on appeal, wherein *A.* is plaintiff and *B.* is defendant, are hereby referred to the arbitrament, &c. The award, after specifying the reference and the names of the arbitrators, was as follows: And they do, by these presents, award of and concerning the matters referred as follows, that is to say: the said arbitrators

award and adjudge that the said *B.* shall forthwith pay or cause to be paid to the said *A.* the sum of 30 dollars, in full satisfaction and discharge of and for all matters in difference referred as aforesaid. *Held,* that the award was abundantly certain, definite and comprehensive.

Where the parties to an arbitration have, by their agreement, fixed upon the rule which is to govern the question of costs, the arbitrators are precluded from making any order on the subject; and an order made by them, under such circumstances, is void.

Such an order will not, however, invalidate the residue of the award.

A cause was taken by appeal from a justice's judgment to the Circuit Court, and while there was submitted to arbitration, upon an agreement that the costs were to be disposed of according to the rules prescribed by statute in cases appealed from justices' judgments. The judgment for the plaintiff, before the justice, was for 18 dollars, and in the Circuit Court, upon the award, for 30 dollars. *Held,* that the judgment carried full costs.

May Term, 1853.

CONES v. VANOSDOL.

ERROR to the *Rush* Circuit Court.

Monday, June 6.

ROACHE, J.—This suit was originally commenced before a justice, who, upon a trial, rendered a judgment for 18 dollars in favor of *Vanosdol,* the plaintiff below.

*Cones* appealed to the Circuit Court, where, by an agreement signed and filed by the parties, all the matters in difference in the cause were submitted to arbitration.

At the following term the parties appeared, and, on motion of the plaintiff below, the Court ordered the award of the arbitrators, which had been previously filed, to be entered of record, and granted a rule against *Cones,* the defendant below, to show cause why judgment should not be rendered against him on the award. The cause was then continued, and at the next term *Cones* showed cause against the rendition of judgment. The Court overruled all his exceptions, except one in relation to costs hereafter mentioned, and rendered a judgment against him upon the award, for 30 dollars, with full costs.

The decision of the Court, in overruling his exceptions to the award, is the error complained of.

The causes shown by the plaintiff in error against the rendition of judgment, are as follows:

1. That one *Hite* was permitted to act, sit, and decide as one of the arbitrators in said cause, contrary to the rule of reference, and contrary to law.

2. That it is not shown in and by said award, or the papers connected therewith, that said arbitrators, or either of them, were sworn.

3. That no notice of the award was ever served on said defendant.

4. That said award is indefinite and uncertain, and does not show what matters were passed upon by said arbitrators.

5. That said arbitrators assumed a power not conferred upon them by the agreement of submission.

6. That said *Hite* was chosen and acted as an arbitrator, when he should only have acted as an umpire.

7. And for other imperfections in said award, &c.

The proceedings in this cause, subsequent to the agreement of the parties to refer to arbitration, were had under, and are to be governed by, the provisions of chapter 44 of the R. S. 1843, p. 786. The mode of returning the award into Court, the method of enforcing it, and the causes which may be shown against the rendition of a judgment upon it, are all distinctly and clearly indicated.

We proceed to examine whether the exceptions taken by the plaintiff in error to the award, were valid.

The first and sixth causes assigned are substantially the same, and we shall examine them together.

The award was signed and returned by both the arbitrators named in the submission. It was their award, notwithstanding it was also signed by a third person who had no authority to act. His signature could not vitiate and annul their action. But we are of opinion that a fair construction of the agreement of submission and rule of reference, authorized *Hite* to sit and act as an arbitrator, notwithstanding he is designated as an umpire. They are as follows: "That all matters of difference in the cause now pending," &c., "be and the same are hereby referred to the arbitrament and determination of *William E. Dobbins* and *James Simmons*, with liberty to said arbitrators, either before they enter upon said arbitration, or at any time pending said reference, to appoint and name an umpire, and that they, or a majority of

them, shall make their award in writing, and return the same."

The office of an umpire is to decide in case of the disagreement of the arbitrators. He does not act at all, unless they fail to agree. But the whole context of the agreement, taken together, shows that such was not the part intended by the parties to be filled by the individual designated as an umpire. The use of the word majority would be a sheer absurdity, if the individual named an umpire was not to be held to be a third arbitrator, whose selection was left to the other two. The language is express, that a majority should make the award, and there could be no majority if but two were to sit. The term umpire was evidently used without a very definite conception of its legal meaning; but the mere improper use of a term cannot be permitted to control the construction of an agreement, when the meaning of the parties is palpable.

We are therefore clearly of opinion that *Hite* was properly chosen as an arbitrator, and that his acts as such were authorized by the terms of the agreement of submission.

Besides, the award shows that both the parties appeared and were heard before the arbitrators. If any objection existed against *Hite* sitting and taking part in the deliberations, as an arbitrator, the objection should have been raised then. By attending in person before the three, all sitting and acting as arbitrators, producing his proofs and interposing no protest against the authority of *Hite* to sit and act as one of them, he has furnished a very strong argument in favor of the interpretation given by the Court to the agreement of submission. If the objection was a valid one, it ought to have been made on the trial before the arbitrators. It was then as well known to *Cones* as on the return of the award to the Circuit Court. In *Barlow* v. *The State*, 2 Blackf. 114, which was an indictment for a felony, the defendant moved, after verdict, for a new trial, on the ground that two of the petit jurors were members of the grand jury which found the indict-

May Term,
1853.

CONES
v.
VANOSDOL.

ment. That fact was known to the defendant at the time of impanneling the jury. The Court held that "it was a good cause of *challenge*, but being known to the party, and not mentioned at the proper time, the right was waived."

The second cause shown is without foundation. It is true the statute requires the arbitrators to be sworn, but it does not require that the award shall contain evidence of the fact. It may be shown *aliunde*. *Jacobs* v. *Moffatt*, 3 Blackf. 395.

The third exception does not go to the validity of the award, but is, in effect, a denial that the defendant had taken one of the steps necessary to entitle himself to the statutory provisions for enforcing it. By the 13th section of chapter 44, the Court cannot order the award to be entered of record, until proof is made, not only of the execution of the award, but also "that a copy of the award has been duly served on the party against whom the rule is asked." The service of the notice was a preliminary step necessary to entitle the plaintiff to the benefit of the statutory provisions on the subject. Without proof of such service, it was not competent for the Court to take the next step in the proceeding—to order the entry of the award upon the record. The record discloses the fact that the defendant below entered his appearance, and that the Court made an order that the award be entered of record, and granted a rule requiring the defendant to show cause, &c. No exceptions were taken to the order of the Court. The service of the copy was a matter which would not necessarily appear upon the award or accompanying papers, but was a fact which it was incumbent on the party seeking to convert the award into a judgment, to prove on presenting the award to be entered of record.

At that, which was the proper stage of the proceedings for such an objection, there was no attempt made by the defendant to prevent the entering of the award of record by showing, as he had the undoubted right to do, that he had not been properly served with a copy. We must,

therefore, presume in favor of the action of the Court below, that the order was based on the state of evidence prescribed by the statute.

We now proceed to the fourth exception. The order of sumission recites "that all matters of difference in the cause now pending in the *Rush* Circuit Court on appeal, wherein the said *Cornelius Vanosdol* is plaintiff, and *Samuel Cones* is defendant, be and the same are hereby referred to the arbitrament," &c. The language of the award, after specifying the reference, and the names of the arbitrators, is, "do by these presents award of and concerning the matters referred, as follows, that is to say: the said arbitrators award and adjudge that the said *Samuel Cones* shall forthwith pay or cause to be paid to the said *Cornelius Vanosdol*, the sum of 30 dollars, and that the same be received by the said *Cornelius Vanosdol* in full satisfaction and discharge of and for all matters in difference referred as aforesaid." The reference embraced all matters of difference in the appeal. The award adjudges 30 dollars to be paid by the one party to the other, in full satisfaction and discharge of all the matters in difference referred. It is abundantly certain, definite and comprehensive.

The fifth exception was well taken, and was sustained by the Court below. The arbitrators adjudged that *Cones* should pay all the costs. In this they exceeded their powers.

In the agreement to submit, it was provided that "the rules prescribed by statute in cases on appeal to the Circuit Court from judgments of justices of the peace, shall govern the said parties as to the payment of all costs which have or may hereafter accrue in said cause." The parties having by their agreement fixed upon the rule which was to govern the question of costs, the arbitrators were precluded from making any order on the subject. That part of the award was void, and was, upon the plaintiff's exception, properly set aside by the Circuit Court. But this did not invalidate that portion of the award which adjudicated matters within the scope of their powers. It did not affect the merits of the decision

upon the matters which were submitted. See s. 17, c. 44, R. S. 1843.—Kyd on Awards, p. 166.—Cald. on Arb. 120.

The plaintiff in error also insists that the Circuit Court erred in taxing the costs against him, and insists that upon setting aside the award as to costs, the Court should have only entered a rule against him to show cause why a judgment for costs should not be rendered against him. No authority is cited, and we know of no such rule in cases of this kind.

By the terms of the agreement of submission above quoted, the parties leave the question of costs to be disposed of " according to the rules prescribed by statute, in cases appealed from the judgments of justices of the peace."

The judgment before the magistrate was 18 dollars; in the Circuit Court, 30 dollars. Such a judgment carried full costs. R. S. 1843, p. 892.—Cald. on Arb. 71, 72.

On the whole, we regard it as very clear that no one of the objections raised by the plaintiffs in error, furnished a sufficient reason for setting aside the award. They are certainly not good cause against the rendition of a judgment, under the provisions of our statute. Whether, or how far the party might have availed himself of some or all of them, on a question of a continuance or costs, in the Court below, if taken advantage of at the proper time, is not a question presented by the record.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. Robinson*, for the plaintiff.

*F. Bigger* and *R. D. Logan*, for the defendant.