Matthews *v.* Buck.

and there demanded of said Carter payment of said note, which he then had, and exhibited to said Carter, and that said Carter then and there refused to pay said note, or any part of the same; that on the eighth day of the same July payment of said note was duly demanded of said endorser, in the town of Woodstock, in the county of Oxford.

*Rawson & Ludden,* counsel for plaintiff.

*C. W. Walton,* counsel for defendant.

---

## JOSEPH MATTHEWS *versus* MELZER BUCK.

Parties to a contract made in fraud of creditors may subsequently rescind such contract before the rights of creditors or purchasers have intervened and where not effected thereby.

Where such contract is voluntarily rescinded no disability will attach by reason of any previous fraud to any subsequent arrangement in regard to the same property with other persons, or between themselves when third parties have acquired no rights.

18

Matthews *v.* Buck.

EXCEPTIONS and motion to set aside the verdict, GOODE-NOW, J., presiding.

This is an action of replevin for one cow and calf and one yearling heifer which plaintiff claimed to have previously hired to the defendant, and that the time for which they were hired had expired.

Defendant also claimed title to the same by virtue of bargain and sale to him by said plaintiff, and introduced testimony *tending to prove such sale, which sale was admitted by plaintiff to have been made.*

Whereupon counsel for defendant requested the presiding judge to instruct the jury that defendant having given the note for the property described in plaintiff's writ, the plaintiff is not now at liberty to deny the validity of that transaction.

That if the jury find the note was given to cover the property claimed by plaintiff, from attachment by creditors of either plaintiff or defendant, the plaintiff is estopped from claiming it in this action.

That if the jury find that the cows or steers, or cows alone came into the hands of defendant by any fraudulent agreement in relation to the rights of creditors of either, known to both at the time, the plaintiff cannot repudiate the agreement and recover in this suit.

The judge declined giving either of said instructions, but did instruct in reference to all of them, that if the plaintiff and defendant undertook to do what in itself was unlawful as against creditors, and afterwards made a valid contract in reference to the same property, the defendant would be bound by the last contract.

There was evidence tending to prove that the plaintiff and defendant made an arrangement for the purpose of defeating or delaying creditors; that the plaintiff put into the possession of the defendant a pair of steers, valued at fifteen dollars, and two cows valued at fifteen dollars each, in 1850, and took his note for $45,00.

That subsequently in 1851, the plaintiff took back the

steers and gave up the note, and then made an arrangement to let the cows to the defendant.

The court instructed the jury that the law would not aid either party in obtaining relief from such fraudulent arrangement, if it was proved to have existed. But if that arrangement was abandoned by the parties, the steers taken back and the note given up, the law would not hinder them from making an honest arrangement subsequently in relation to the cows, and if they believed from all the evidence that such arrangement was honestly made; such previous arrangement if fraudulent towards creditors, would not defeat the plaintiff's claim for what they found honestly due him under such last arrangement. The court did not give the instructions in the language requested, because it did not seem to present a full and fair view of the state of the question.

There was testimony tending to prove that the defendant had a settlement with the plaintiff in 1855, and admitted his right to the cow, calf and heifer sued for; and there was testimony conflicting with it. All the facts were submitted to the consideration of the jury. The verdict was for the plaintiff.

*S. C. Andrews*, counsel for plaintiff.

*T. Ludden*, counsel for defendant.

MAY, J. From the testimony recited in this case, so far as we are able to understand it from the bill of exceptions, it appears that some time in 1850 the plaintiff sold to the defendant a pair of steers and two cows, for which the defendant gave his note for $45; and there was testimony tending to show that this sale was fraudulent as against creditors, and that subsequently, in 1851, the plaintiff took back the steers and gave up the note; and at the same time made an arrangement to lease the cows to the defendant. There was also testimony that the parties had a settlement in 1855, when the defendant admitted the plaintiff's right to the cow, calf and heifer sued for. The instructions requested on the part

Matthews *v.* Buck.

of the defendant were not given by the presiding judge in the language of the requests, but were in substance given. The jury were instructed, substantially, that the law would not aid either party in obtaining relief from an arrangement which was fraudulent as against creditors, if it was proved to have existed, but that if such arrangement was abandoned by the parties, the steers taken back, and the note given up, the law would not hinder them from making an honest arrangement subsequently, in relation to the cows; and further, that if they afterwards made a valid contract in regard to the same property, the defendant would be bound by such contract.

No reason is perceived why parties who have made a contract in fraud of the rights of creditors, should not be permitted subsequently to rescind such contract in all cases before the rights of attaching creditors or subsequent purchasers have intervened, and where such existing rights are not affected thereby. A rule of law which should prevent them from doing so would be manifestly unjust, and tend greatly to the perpetuation of such frauds. Notwithstanding such a contract is valid between the parties, still if they voluntarily rescind it, no disability will attach, by reason of any previous fraud, to any subsequent arrangement of theirs in regard to the same property, so as to render it invalid, whether such arrangement be made with other persons or between themselves, provided the rights of third parties had not then attached. The instructions given are in harmony with these principles, and, upon the facts stated in the bill of exceptions, are found to be correct.

We do not find upon examination of the evidence, as reported upon the motion to set aside the verdict, any proper ground upon which that motion can be sustained.

*Exceptions and motion overruled,*
*and judgment on the verdict.*