Bash *et al. v.* Christian *et al.*

No. 7413.

BASH ET AL. *v.* CHRISTIAN ET AL.

ARBITRATION.—*Revocation.*—The death of a party to an arbitration, after award made, does not revoke the submission.

SAME. — *Submission.* — A submission to arbitration can not be revoked before award made.

SAME.—*Award.—Confirmation.—Misbehavior of Arbitrator.—Pleading.*—An objection to the confirmation of an award, that it was obtained by the partiality and misbehavior of an arbitrator, should specify in what the partiality and misbehavior consisted.

SAME.—*Answer.*—Where an answer set forth as particulars of partiality and misbehavior, that one arbitrator's whole course and manner was one of deep interest in the success of a party, that he argued his cause during the hearing, that, on his own motion, he stopped witnesses of the other party from testifying, that he controlled and consulted alone with one arbitrator and ignored the other, contemptuously insinuating that he was attorney for the other party, they were material averments and the court erred in striking them from the answer.

SAME.—*Preliminary Proof. — Presumption. — Supreme Court.* — After the court has granted a rule against the adverse party to show cause why judgment shall not be rendered upon an award, the contrary not appearing by the record, the Supreme Court will presume that the necessary preliminary proof was made.

SAME.—*Waiver.*—After having appeared and waived service of the rule to show cause and consented to a continuance, it is too late for the adverse party to demand preliminary proof.

SAME.—*Evidence.—Arbitrator's Admission of Prejudice.*—Proof of bias and strong prejudice on the part of an arbitrator, shown by his admission in

his sworn statement as a witness, forms a serious objection to the confirmation of an award, and will not sustain a finding in its favor. In such case, his testimony shows that he was disqualified because not impartial, and will defeat the award.

From the Huntington Circuit Court.

*J. B. Kenner, J. J. Dille, B. Harrison, C. C. Hines, W. H. H. Miller, H. B. Sayler, L. P. Milligan* and *A. Moore*, for appellants.

*B. F. Ibach,* ——. *Markell, W. H. Trammel, R. Hill* and *J. W. Nichol*, for appellees.

BICKNELL, C. C.—Robert Shroyer, of the one part, and Henry Bash and Albert Bash, of the other part, agreed in writing to submit all matters in controversy between them, arising out of their partnership in live-stock, to John Swaidner, C. B. Richards and W. H. Callison, for final settlement, and that such submission should be made a rule of the Huntington Circuit Court.

On the 26th of October, 1874, Shroyer filed, and caused to be entered of record, in said court, the submission, the oath of the arbitrators, and their award, signed and sealed by all of them, declaring that the Bashs should pay to Shroyer $1,701.63 in full of the matters submitted.

The record shows that, on said 26th of October, the court made a rule upon the Bashs to show cause why judgment should not be rendered upon the award. It does not appear by the record that any of the proof required by the statute of arbitrations to be made, before such a rule to show cause can be granted, was made in this case, but the defendants appeared and waived the issuing of process, and by consent the cause was continued.

There were no further proceedings upon the rule to show cause until December, 1877; the defendants then moved to set aside the award; upon this motion there seems to have been no ruling by the court. Afterward it was suggested to the court that Shroyer was dead, and his administrators,

Daniel Christian and John Van Osdol, were substituted for him. At the next term of the court, in March, 1878, the parties appeared, and the defendants moved the court to require the plaintiffs to make proof of submission and award before the defendants should be required to answer the rule to show cause. This motion was overruled by the court and the defendants excepted, but no error has been assigned upon that ruling.

The defendants then showed cause in four paragraphs, to each of which the plaintiffs demurred; the court sustained the demurrers to the third and fourth paragraphs and overruled the demurrers to the first and second paragraphs, and the parties respectively excepted. .The plaintiffs moved to strike out parts of said first and second paragraphs as surplusage and irrelevant matter; this motion was overruled as to the first paragraph and sustained as to part of the second paragraph, and the defendants excepted.

The plaintiffs filed a reply in denial, and the issues were tried by the court, who found for the plaintiffs $2,064.07.

The defendants moved for a new trial, because:

1st. The finding is not sustained by sufficient evidence and is contrary to evidence;

2d. The finding is contrary to law.

This motion was overruled, an exception was taken, judgment was rendered upon the finding, and the defendants appealed.

The appellants assign as errors:

1st. Sustaining the appellees' demurrer to the third paragraph of the appellants' answer;

2d. Sustaining the appellees' demurrer to the fourth paragraph of appellants' answer;

3d. Sustaining the motion of appellees to strike out part of the second paragraph of appellants' answer;

4th. Overruling the motion for a new trial.

The third paragraph of the defendants' answer presents

Bash *et al. v.* Christian *et al.*

the question, whether the death of the plaintiff, before the final completion of the award, revoked the submission? At common law, either party might revoke a submission at any time before the completion of the award but such revocation was a breach of the arbitration bond. *Warburton* v. *Storr*, 4 B. & C. 103 ; *Allen* v. *Watson*, 16 Johns. 205. Where either party has the power of revocation, the death of either before the completion of the award, ought to revoke the submission. *Cooper* v. *Johnson*, 2 B. & Ald. 394. But in Indiana, under our statute of arbitrations, there can be no revocation of a submission. This has been decided recently by this court. *Shroyer* v. *Bash*, 57 Ind. 349. Under this ruling, and under the statute—practice act, section 21, which provides that no action shall abate by the death of a party— if the cause of action survive or continue, the death of a party after an award made, but not yet confirmed by the court, ought not to revoke the submission. There was no error in sustaining the demurrer to the third paragraph of defendants' answer.

The fourth paragraph of the defendants' answer presents the question, whether a submission may be revoked before an award made. In Indiana it can not. *Shroyer* v. *Bash, supra*. There was no error in sustaining the demurrer to the fourth paragraph of the defendants' answer.

The court below struck out of the second paragraph of the defendants' answer all except the following words : "And for a second objection and reason why the said award should not be confirmed, the defendants say that the arbitrators, and more particularly John Swaidner, acted so corruptly and conducted the hearing in such a partial manner, that a fair trial was not had, in this, that said arbitrator John Swaidner acted as attorney in the case on the side of Shroyer, and took a deep interest in the success of Shroyer." The statute provides that the cause to be shown against the confirmation of an award may be, that the award was obtained by

corruption, partiality, or other undue means, or that there was evident partiality or corruption in the arbitrators or any of them, or that the arbitrators were guilty of any other misbehavior, by which the rights of any party were prejudiced. 2 R. S. 1876, pp. 321, 322, sec. 16, clauses 1 and 2. It was held in *Conrad* v. *Johnson*, 20 Ind. 421, that, under these provisions, a general allegation of partiality is insufficient, and that the answer should specify in what the partiality consisted. This was attempted in the paragraph under consideration, and among the particulars stricken out were the following: "He would object to questions asked of witnesses by the attorney of Bash and Bash, and stop a witness from testifying without consulting either of the other arbitrators; and before Shroyer's attorney had made any objection, and when Calvin B. Richard, one of the arbitrators, asked Henry Bash what was the value of the 200 acres of Kansas land, Swaidner at once, and without any objection by Shroyer's attorney, objected and stopped the witness, and asked the arbitrator Richard, in a contemptuous manner, if he was an attorney for the Bashs. He would, in the hearing, argue the case in Shroyer's interest; he had a control over William Callison, the third arbitrator, and Swaidner and Callison would consult together alone and would ignore C. B. Richard, the other arbitrator. The whole course and manner of Swaidner was one of deep interest in the success of Robert Shroyer."

These particulars, if true, tended to show such partiality and such misbehavior in a quasi-judicial officer as could not well exist without prejudice to the rights of the defendants. The allegation is, that their rights were thereby prejudiced, their testimony excluded, and a fair trial prevented. The court erred in striking out the foregoing particulars from the second paragraph of the answer.

The last error assigned, to wit, the overruling of the motion for a new trial, presents the question of the sufficiency

of the evidence. The appellants' counsel claim, in discussing this error, that if the matters required by law to be proved, in order to warrant the issuing of the rule to show cause, be not proved, then they must be proved upon the hearing; and that, if not proved upon the hearing, there will not be sufficient evidence to justify a judgment upon the award. But this position can not be maintained. Under 2 R. S. 1876, p. 320, sections 11, 12 and 13, certain matters are required to be proved before a rule to show cause can be properly awarded. *Bash* v. *Van Osdol*, 75 Ind. 186. Where, however, the court has granted such a rule, the contrary not appearing, it will be presumed that such necessary preliminary proof was made: *Cones* v. *Vanosdol*, 4 Ind. 248. But an objection, made at the proper time, for want of the necessary preliminary proof, will be fatal to the order to show cause. *Bash* v. *Van Osdol, supra.*

In the present case the record fails to show any of the proof required by sections 11, 12 and 13, *supra.* It shows that the order to show cause was issued upon the filing of the submission, the oath of the arbitrators, and the award, and that the defendants appeared and waived service of process and consented to a continuance; and that when they next appeared they moved to set aside the award, and that after all this they made their special motion and requested the court to go back and require some of the preliminary proof to be made before any further proceedings. This application was irregular in form and out of time. If the defendants, at their first appearance, had moved the court to set aside the order to show cause, for the reason that it had been prematurely issued, without the necessary preliminary proof, such a motion ought to have been sustained, but the defendants having neglected their opportunity, and having taken other proceedings in the case, the presumption is, that the order to show cause was regularly issued upon the proper preliminary proof, and no question arises thereupon in connection

with the evidence at the final hearing. We have examined the evidence. The appellees urge that, as some of the witnesses testified that they saw no signs of unfairness or partiality in the arbitration, and as the arbitrator specially charged with partiality denied it on oath, there is some evidence tending to support the finding, and that the finding ought not to be set aside upon a mere preponderance of evidence.

But partiality in any of the arbitrators is good cause for refusing to confirm an award, and so is any other misbehavior of an arbitrator, by which the rights of a party are prejudiced. 2 R. S. 1876, pp. 321, 322, sec. 16. The defendants proved the existence of such partiality by the testimony of the arbitrator himself.

John Swaidner, the arbitrator complained of, swore as a witness as follows: The question asked him was, "What feeling have you against Henry Bash, and what were your feelings against him at the time of the arbitration?" He answered: "I don't have any conversation or business transactions directly with him; we do business *through* other persons when we have any; at the time of the arbitration I did not like him; my feelings against him were very bad." This testimony showed conclusively that Mr. Swaidner ought not to have been an arbitrator. He was disqualified because he was not impartial. This testimony is not contradicted by any witness, and it brings Mr. Swaidner within the meaning of the statute. It shows that he was not a safe or proper arbitrator, where Henry Bash was a party, because, by his own admission, he was not impartial. While such feelings as he describes existed in him, it is not surprising that his conduct in the arbitration was such that one of the witnesses declared that "for one-sidedness and unfairness that arbitration beat all." It is said in Morse on Arbitration & Award, p. 533, ch. 19, that "the first and most essential requisite in a competent arbitrator is a perfect evenness and impartiality." So, in the case of *Strong* v. *Strong*, 9

Cush. 560, the court said : ''Proof of bias and strong partiality on the part of an arbitrator, would form a serious objection to the acceptance of an award.''

Where, as in the case at bar, the existence of bias and strong prejudice is shown by the admission of the arbitrator himself, in his sworn statement as a witness, ordinarily, such proof ought to defeat the award. The declaration of the same arbitrator, that, notwithstanding the bias and prejudice, he tried to be fair, and, in his opinion, was fair, will not save the award, especially where the evidence tends to show conduct on his part such as would be the natural result of his bias and prejudice.

The motion for a new trial ought to have been sustained, because the finding was contrary to the evidence, and, therefore, contrary to law.

For the errors hereinbefore pointed out, the judgment of the court below ought to be reversed, and the cause remanded for a new hearing.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things, reversed, at the costs of the appellees, and this cause is remanded, etc.