No. 8392.

BASH ET AL. *v.* CHRISTIAN ET AL., ADMINISTRATORS.

ARBITRATION.——*Appeal.*—*Answer.*—*Practice.*—*Striking Out Notice of Revocation.*—*Exhibit.*—Pending an appeal from a judgment on an award, after due notice to the defendants and on motion, it was not error to strike from the files a notice of revocation of submission made an exhibit to a paragraph of answer, but never filed as such. Revocation of a statutory submission can not be made before award.

SAME.—*Service of Notice.*—Reasonable notice only of such a motion is needed. Service of process as in an original action is not necessary.

SAME.—*Sufficiency of Motion.*—*Verification.*—The statement in such motion that the paper had not been filed as an exhibit to the original pleading was sufficient. The motion need not be verified.

SAME.—*Evidence.*—*Transcript of Record.*—On the hearing of such motion, parts of the record on appeal were properly admitted in evidence.

From the Huntington Circuit Court.

*J. B. Kenner, J. I. Dille, L. P. Milligan, H. B. Sayler, J. C. Branyan* and *A. Moore,* for appellants.

*B. F. Ibach* and *B. M. Cobb,* for appellees.

BLACK, C.—On motion of the appellees and notice to the appellants, the court below struck from the files an exhibit to the fourth paragraph of the answer, in an action wherein judgment had been rendered at a former term, from which an appeal was pending in this court, in which action the appellees were plaintiffs and the appellants were defendants. The exhibit was struck out as a paper which never was filed with the original pleadings in said action.

This appeal is taken from the order so made on said motion of the appellees.

The exhibit so struck out was a written notice of revocation of a statutory submission to arbitration, alleged by said paragraph of answer to have been given by the defendants to the arbitrators during the pendency of the proceedings before them, while they were hearing the evidence in the matter submitted to them, said notice being set up by said answer as a cause why judgment should not be rendered upon the award made by said arbitrators.

Such a revocation is not authorized by the law of this State, and the answer was bad, with or without such an exhibit. *Shroyer* v. *Bash,* 57 Ind. 349 ; *Bash* v. *Christian,* 77 Ind. 290.

No harm, therefore, would have been done if the court had overruled the motion of the appellees.

One of the appellants moved to quash the notice of the motion served on him, for the reason that it was not served ten days before the hearing of the motion. The court overruled the motion to quash. In this there was no error. Service of process as in ordinary, original and independent actions was not necessary. Reasonable notice only was needed. The question as to the reasonableness of the period between the service and the hearing was not presented by this motion to quash.

It appears that a motion made by the other appellant to quash the notice and return was overruled, but this motion is not in the record. This is true, also, of a motion for a continuance, which was overruled.

The court also overruled a motion made by the appellants

to dismiss the motion of the appellees, for the reasons that it was insufficient to obtain the relief prayed for, and was not verified.

If it were necessary that such a motion as that of the appellees should, like a complaint, state facts sufficient, the statement that the paper in question was never filed with the paragraph of answer with which it appeared on the files as an exhibit would be a sufficient reason for striking it from the files, if the paper was a material one; and if it was wholly immaterial, while there would have been no available error in dismissing the motion of the appellees, as there would have been none in overruling it, yet the appellants could not complain of the action of the court on that ground.

It was not necessary that the motion should be verified.

Upon the hearing, the court admitted in evidence, over the objections of the appellants, what in the bill of exceptions are called portions of the record of the cause in which said paragraph of answer was filed, as contained in certain pages of the transcript of said record of said cause pending in this court. The whole transcript was not introduced, nor, so far as appears from the bill of exceptions, was the transcript shown to be certified. But the portions introduced were not objected to on such grounds. One portion was objected to as irrelevant and not tending to the point in issue, and another portion on the ground that it was irrelevant and not proper rebutting testimony.

In these regards the evidence was not objectionable.

The appellants were not injured by the action of the court in sustaining the motion of the appellees.

We find no sufficient reason for reversing the judgment.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of the appellants.