# FRANK RIEDLE
## v.
## SUSAN MULHAUSEN.

1. INSTRUCTIONS.—Where there is any evidence, however slight, to sustain a legal claim or a legal defense, the party introducing such evidence has a right to have it submitted to the jury by appropriate instructions, and where an instruction is submitted, based upon evidence in the case and stating correctly a principle of law applicable to such evidence and not covered by any instruction given, it is error to refuse the instruction, however meager the evidence to sustain the hypothesis contained in it.

2. EXECUTED AND EXECUTORY CONTRACTS OF A FRAUDULENT CHARACTER.—There is a marked distinction between executory and executed contracts of a fraudulent character. Whatever the parties to an action have executed for fraudulent or illegal purposes, the law refuses to lend its aid to disturb. Whatever the parties have fraudulently or illegally contracted to execute the law refuses to compel the contractor to execute or pay damages for not executing.

3. PROMISSORY NOTE—FRAUD.—A note given in consideration of a transfer of property made to defraud creditors, is not binding between the parties.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 29, 1886.

This was an action in assumpsit to recover against plaintiff in error on five promissory notes made by him payable to defendant in error.

Plaintiff in error filed several pleas, three of which of said pleas set up, in substance, that said notes were made and delivered in pursuance of a fraudulent and unlawful agreement made between defendant and plaintiff on October 22, 1873, by which it was agreed that plaintiff should convey to the defendant, certain real estate in Cook county, for the pretended consideration of $9,000; that the conveyance of said premises was executed by plaintiff, and was accepted by defendant for the purpose of cheating, defrauding and delaying certain creditors of the plaintiff, one of whom had brought suit

against her; that the notes and the trust deed securing them were given on March 9, 1874, in pursuance of the design to cheat and defraud her creditors; that in further pursuance of such fraudulent designs, another conveyance of said property was delivered to defendant, dated March 2, 1874, prior to the making of the notes; that it was always understood between the parties that defendant's notes would be canceled and given back to him, and that he should not be called upon to pay them; that there was no other consideration for the notes except said fraudulent conveyance, and the notes and the trust deed securing them were made to aid in the purpose of deceiving plaintiff's creditors and inducing them to believe that a *bona fide* sale of the property had been made, while in fact, the sale was colorable only and made for the purpose of defrauding.

Replications were filed to the pleas, setting up the fraud, denying that the notes were made on the consideration stated in the pleas, and alleging that the notes were given for an actual conveyance of the property, made *bona fide*, and not for the purpose of defrauding.

Plaintiff in error testified that the property was first deeded to him Oct. 22, 1873, to avoid the lien of a judgment which it was apprehended would be obtained against defendant in error by one Zeigler; that he, at the time of the first conveyance, gave nothing for the property; that when the notes were given, another conveyance was made to him, and a mortgage was made on the property, for Mrs. Mulhausen's benefit; that the Zeigler suit was still pending and was near trial, and the notes and trust deed securing them, were made to give the appearance that he, Riedle, had bought the property, but the real arrangement was that he should sell it as soon as he could, and give the proceeds to Mrs. Mulhausen; that the intention was to keep the property in such a way that it could not be reached by Zeigler, and that upon a sale being made, the notes were to be given up.

Mrs. Mulhausen admitted that the first conveyance was made to Riedle, under his advice, for the purpose of avoiding the Zeigler judgment, but claimed that the last deed to Riedle,

which was made by all her children and herself, was a *bona fide* sale of the property; that the notes were given for the purchase money, and that the trust deed was given on the property to secure them, and some of the notes were turned over to some of the children, by her, for their interest in the property sold; that the last sale and conveyance had no relation to and was not in consideration of the first deed, nor made for the purpose of delaying or hindering creditors.

On the trial in the court below, while the defendant was testifying on the point of the fraudulent intent with which he claimed the transaction was infested, and after he had testified that Mrs. Mulhausen had admitted that these notes were given merely to make it appear as a *bona fide* transaction, the judge made the following ruling in the presence of the jury: " Take all the evidence you are a mind to put in on this subject right now, and I want to say that under the decisions of this State, it will not render a note between the parties void, nor the conveyance void. Therefore it struck me on investigation that this can be shortened at once because as between the parties the only person on earth who can attack the note is an existing creditor. That is the law, and we might as well understand it first as last."

The court gave among other instructions for the plaintiff, the following:

"Given: The court instructs the jury that under the laws of this State the notes offered in evidence in this suit are *prima facie* evidence of an honest indebtedness, owing from the defendant to the plaintiff at the time said notes are made and delivered, and unless the defendant has established by a preponderance of evidence that the notes were given without consideration, or that the consideration has failed in whole or in part, or that since they were made and delivered, the notes, or some part thereof, had been paid, then the plaintiff is entitled to recover in this case, the amount that may be due on said notes as shown by the evidence, both principal and interest up to this date;" and of his own motion instructed the jury as follows:

" The court instructs the jury that this is an action which is

brought by the plaintiff against the defendant to recover upon five promissory notes made by defendant in favor of plaintiff. The defendant has interposed certain pleas by way of setting up a defense to the payment of the same, and has assumed the burden of proving the same by a preponderance of the evidence, and it is the duty of the jury to pass upon the evidence in the case, and it is for the court to lay down the law to you, which shall govern you in coming to a conclusion upon the facts as you shall find them.

Therefore the court instructs you that if you believe from the evidence in this case, that the plaintiff was the owner of certain real estate which is mentioned and described in the pleas in the case, and referred to by various witnesses in the case, and that while she was so the owner of said property she made a conveyance of said property to the defendant in this case, and that at the time of said conveyance a suit was pending against the plaintiff in this case, which had been brought by one Zeigler against her, to recover damages against her for some alleged trespass, and that soon after the said conveyance was made by the plaintiff to said defendant, the suit so pending against her was settled, then the jury are instructed that even if said conveyance was made to avoid any judgment which might have been obtained against her in that case, then as between the said parties, to wit, the plaintiff and defendant, the said conveyance would be perfectly valid, and if the jury further believe from the evidence that after said conveyance was so made to said defendant on or about the month of March, 1874, said defendant, Riedle, purchased the said property from plaintiff and obtained another deed of conveyance of said property, which deed of conveyance was signed and executed by the plaintiff and others, and that at said time the defendant made and executed said notes in question in this case as a part of the purchase money, and gave the trust deed introduced in evidence to the plaintiff to secure the payment of the same, then the court instructs you that if you so find the facts to be from the evidence, then there is good and valuable consideration for said notes, and the plaintiff would be entitled to recover on said notes whatever amount the evidence

shows is due upon said notes, and the fact that the plaintiff had before that time made a conveyance to the defendant to avoid the consequences of a judgment which had been obtained against her, is not a bar to a recovery on the notes in question." And the defendant asked the court to give to the jury the following instructions:

" 1.   If the jury believe from the evidence that the conveyances to the defendant. in evidence were made for the purpose of hindering, delaying or defrauding the creditors of the said plaintiff or any of them, and that the notes sued on herein were executed and delivered by defendant to plaintiff in pursuance of such unlawful agreement, and upon no other consideration, then you are instructed that such unlawful purpose precludes any recovery by the plaintiff against the defendant upon any notes so given upon such unlawful and fraudulent consideration, and your verdict should be for the defendant.

2.   The jury are instructed that under the laws of Illinois every gift, grant, conveyance, assignment or transfer of or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered with the like intent, shall be void as against creditors or other persons.

3.   If the jury believe from the evidence adduced that the conveyance from the plaintiff to the defendant was for the purpose of hindering, delaying or defeating the creditors of the plaintiff in any attempt they might make to enforce their claims against the plaintiff, and that was the understanding and agreement between the plaintiff and defendant, and that the notes in suit were given in pursuance of this agreement between plaintiff and defendant, then the jury are instructed as a matter of law that the said agreement between the plaintiff and the defendant was illegal and can not be enforced, and the jury must find for the defendant."

But the court refused to give said instructions, and to the giving of the instructions for the plaintiff and the instruction

Riedle v. Mulhausen.

by the court, and the refusal to give those asked by the defendant, exception was duly taken.

The jury found a verdict for the plaintiff for the amount of the notes held by the plaintiff and the interest thereon.    Judgment was rendered upon the verdict, and the case is brought to this court by appeal, and the ruling of the court above set out and the giving and refusal of the instructions, is assigned as error.

Mr. ALLAN C. STORY, for plaintiff in error; as to distinction between executed and executory contracts cited Howell v. Edmunds, 47 Ill. 79; Fitzgerald v. Forristal, 49 Ill. 228; Ward v. Enders, 29 Ill. 519; Bump on Fraudulent Conveyances, 443; Chitty on Contracts, 729–731; Bailey v. Taber, 5 Mass. 296; Holman v. Johnson, 1 Cowp. 343; Parsons v. Thompson, 1 H. Bl. 322.

Mr. ARTHUR SCHROEDER, for appellee.

MORAN, J.    The defendant by his pleas set up that the notes sued on were given as part of a scheme to hinder, delay and defraud the creditors of the plaintiff, and the only consideration thereof was the conveyance of real estate to him by plaintiff in pursuance of such fraudulent purpose.    By his own testimony the defendant furnished evidence competent to be considered by the jury in support of the allegations of the pleas.

By refusing defendant's instructions and giving the one requested by plaintiff, and the one drawn by the court, defendant's evidence in support of the issue made by him was practically withdrawn from the consideration of the jury.    Where there is any evidence, however slight, to sustain a legal claim or a legal defense, the party introducing such evidence has a right to have it submitted to the jury, by appropriate instructions, and when an instruction is submitted based upon evidence in the case, and stating correctly a principle of law applicable to such evidence and not covered by any instruction given, it is error to refuse the instruction, however meager the evidence to sustain the hypothesis contained in it.    Peoria

Marine & Fire Ins. Co. v. Anapow, 45 Ill. 86; The City of Chiago v. Scholten, 75 Ill. 468; Wolleis v. King, 54 Ill. 343; County of Cook v. Harms, 108 Ill. 151; Missouri Furnace Co. v. Abend, 107 Ill. 44; Eames v. Rend et al., 105 Ill. 506; Trask v. People, 104 Ill. 569.

There is a marked and settled distinction between executory and executed contracts of a fraudulent character. This distinction the learned judge who tried this case in the court below seems to have overlooked in his rulings upon the evidence and his instructions to the jury. The deed made with a fraudulent intent is binding between the parties, but as is said in some of the cases, is good by accident, because the law will not aid a party to it to question it. The law by taking this negative stand, may be said to sustain the contract between the parties to it when executed.

"Whatever the parties to an action have executed for fraudulent or illegal purposes, the law refuses to lend its aid to disturb. Whatever the parties have fraudulently or illegally contracted to execute, the law refuses to compel the contractor to execute or pay damages for not executing; but in both cases leaves the parties where it finds them. The object of the law in the latter case, is, as far as possible, to prevent the contemplated wrong, and in the former to punish the wrongdoer by leaving him to the consequences of his own folly or misconduct." Smith v. Hubbs, 10 Me. 71.

In Miller v. Marckle, 21 Ill. 152, a bill was filed to foreclose a mortgage given for the purpose of delaying creditors. The court refused the foreclosure, saying to complainant: "You have the notes and mortgage; you were a willing party to the proposed fraud; we will give you no assistance to enforce the one or the other;" and the court cites with approval the case of Smith v. Hubbs, *supra*, and the case of Nellis v. Clark, 20 Wend. 24, where suit was brought on a promissory note, and the court held that it having been given for property, conveyed with intention to defraud creditors, that it could not be enforced against the maker in an action at law. See also Bump on Fraudulent Conveyances, 454; Dunaway v. Robertson, 95 Ill. 419; Lill v. Brant, 6 Bradwell, 366; Niver v. Best, 10 Barb. 369.

Riedle v. Mulhausen.

In the case last cited it was held that if the note was given subsequently to the fraudulent transfer, yet if it be made either in pursuance of the original fraudulent agreement or in furtherance of its object, it will still be void, and no recovery can be had upon it, even though a sum honestly due may form a part of the consideration. It is true that the parties might, notwithstanding the first fraudulent conveyance, have made a valid second conveyance and given a valid promissory note in consideration thereof, but the fraudulent transaction must have formed no part of the consideration of this contract.

If the latter conveyance is made in good faith, neither the deed nor the consideration for it will be contaminated by the fraud in the first conveyance. Parke v. Tiffany, 52 Ill. 286; Singer v. Partridge, 107 Ill. 529; Matthews v. Buck, 43 Me. 265; King v. Cantrel, 4 Ind. 251.

Here Riedle's claim was that the second conveyance was in furtherance of and for the same purpose which induced the first, and that the notes in suit were part of the transaction, and the court in the instruction given *sua sponte*, as well as in the instruction given at plaintiff's request, ignored this claim and the evidence in support of it, and practically directed a verdict regardless of this defense. In ruling that the note was binding between the parties, even if given in consideration of a transfer of property made to defraud creditors, the court erred, and in refusing the instructions asked by defendant, and giving, at the request of plaintiff, the one set out in the statement of facts and the one drawn by the court, the court also erred.

It was entirely a question for the jury, under proper instructions as to the law, to determine whether defendant had sustained his allegations as to the consideration of the notes. He might fail to satisfy the jury of the truth of his assertions, but of his right to have the jury pass upon the question there can be no doubt.

The judgment will be reversed and the case remanded.

Reversed and remanded.