May Term,
1860.

CARSON
v.
EARLYWINE.

---

CARSON *v.* EARLYWINE.

The award in this case (see the opinion) was not void for uncertainty.

There was no submission of, nor award upon, the title to real estate. See the submission and award in the opinion.

At common law, where the matter submitted to arbitration involved a mere question of damages, the submission might be by parol, by a simple writing, or by deed.

In a common-law arbitration, the award may be valid though not attested by a witness, and though copies of it are not furnished to the parties by the arbitrators. *Aliter*, in case of a statutory award.

All objections that could be successfully urged, either at law or in chancery, against an award, may now be made in a suit upon it.

Mistake of law was not one of those objections.

Saturday,
June 2.

APPEAL from the *Shelby* Court of Common Pleas.

PERKINS, J.—*Earlywine* sued *Carson* upon an award, and recovered judgment.

The complaint set out the submission and award.

Submission:

"We, the undersigned, *Joseph Carson* and *Nathan Earlywine*, do agree to compromise a difficulty in reference to a deed for a parcel of ground in the town of *Boggstown*, and

to submit the damages, if there be any to said *Earlywine*, in not making a deed to *Earlywine*. Statements are to be made by the parties, to the committee of three disinterested men. These brethren, *Carson* and *Earlywine*, are to submit and be reconciled, as to all previous bad feeling, as christians and neighbors, and are not hereafter to bring this thing up, and are to strive to live together as brethren and neighbors. The committee are to decide the whole case, according to law, and evidence given at the time and place, and their decision is to be final.

May Term, 1860.

CARSON
v.
EARLYWINE.

*Joseph E. Carson,*
*Nathan Earlywine.*"

*November 5,* 1854.

Award—

"We, the undersigned committee, to whom is referred the case of *Nathan Earlywine* and *J. E. Carson,* for arbitration, after having heard the testimony, and duly considered the case, agree to award to *N. Earlywine* the 125 dollars, with interest, which said *Earlywine* paid said *Carson,* in good faith, to secure a title to the strip of ground" (here describing it), "for the following reasons, viz.: There being no law binding verbal contracts in landed property, further than the refunding back the money paid, with interest; and for the same reason, we award to said *Earlywine* the note given for 38 dollars, 75 cents, as given per last contract; and further decide that *Carson* have no recourse upon *Earlywine* for the *Carter* note, the same being lost by said *Carson's* negligence, according to law principles.

All of which we humbly submit as our decision as arbitrators in the above case. *John P. Henderson,*
*Wm. H. Fisher,*
*James A. Graham.*"

Upon demurrer, it was decided that this award was not void for uncertainty. We think the decision was correct. The only uncertainty appearing in it, is in the clause which relates to the *Carter* note. If there is such an uncertainty as renders that clause void (a point we do not decide), still, the part of the award on which the judgment in this cause rests is valid, as it is plainly within the sub-

mission, and does not appear to have any possible connection with the objectionable clause. See *McCullough* v. *McCullough*, 12 Ind. R. 487.—*Hays* v. *Miller*, *id.* 187.

It was also held, upon demurrer, that the award was not void because of its settling the question of title to real estate. Whether the award would have been void had it determined the question of such title, we need not decide; because, as a question of fact, there was no submission of, or award upon, title to real estate.

It was further held that the award was not invalid because the submission was not by deed. We know of no reason why the submission should have been by deed. This was purely a common-law arbitration, and we must look to the common law alone for the rules governing it. There is no statutory provision bearing upon it, and at common law, a submission might be by parol, by a simple writing, or by deed, where the matter submitted involved, as in this case, a mere question of damages. It was also ruled that the award might be valid, though not attested by a witness, and though copies of it were not "furnished to the parties by the said arbitrators." These facts must appear in case of a statutory award, but not necessarily in case of an award at common law. See Perk. Pr. 74. The answer alleged misconduct and fraud on the part of the arbitrators.

At common law, under the former system of practice, such a defense was unavailable. To avail himself of such grounds of objection, the party was compelled to go into chancery. *Hough* v. *Beard*, 8 Blackf. 158. But beyond doubt, under our present practice, all objections that could be successfully urged, either at law or in chancery, against an award, may now be made in a suit upon it. Mistake of law did not constitute such an objection. But this topic need not be pursued, as no evidence in support of the allegations in the answer was offered on the trial, and the submission and award, which were not denied, but which were nevertheless proved, made out a *prima facie* case for the plaintiff. See *Allen* v. *Hiller*, 8 Ind. R. 310.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Harrison*, for the appellant.