## GREEN *v.* WHITE.

Where a Court orders an adjournment to a special term, for the completion of unfinished business, and that due notice thereof be given by publication, and such notice is given, but there is an omission of the clerk to enter up the proper adjourning order, the Court, when convened in such special session, may direct such order to be entered *nunc pro tunc*, and thereby render the proceedings of said term regular.

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—This suit was commenced in the *Cass* Common Pleas, by the appellee, who was the plaintiff, against *Richard Green* and *Collins Wright*, upon two promissory notes—one for the payment of 281 dollars, and the other for 100 dollars. The notes bear date *September* 28, 1854, were each payable to one *Newman Silverthorne*, and by him endorsed to the plaintiff. Process as to *Collins Wright* was returned "not found." At the *April* term of said Common Pleas, 1859, the following appears to have been ordered of record, viz:

"By agreement of the parties, this cause is transferred to the Circuit Court of *Cass* county, and the Court order, that the papers relating to said cause, and a certified copy of the proceedings herein, be transmitted, by the clerk of this Court, to the Circuit Court."

The case having been thus transferred, the parties appeared in said Circuit Court at the *May* term thereof, in the year 1854. And the defendant, *Green*, answered: 1. That the notes were given without any consideration. 2. That the consideration upon which they were given has wholly failed. 3. Payment. 4. Payment to *Silverthorne*, the assignor, before notice of the assignment. Replies in denial of the answer. After this, the cause appears to have been continued to the *November* term, 1859, and afterwards at an adjourned term of

said Court, held on the 10th of *January*, 1860. The issues were tried by the Court, who found for the plaintiff 503 dollars. New trial refused, and judgment, &c.

It appears in a bill of exceptions, that when the case was called at the adjourned term, the defendant moved a continuance till the regular *May* term, 1860, on the ground that there had been no regular adjournment of the Court to a period in vacation; and that, consequently, the Court had no power at such adjourned term, to hear and determine the cause. Upon the hearing of this motion, an order, made at the *November* term, 1859, was read to the Court, which order was made on the last day of that term, and is as follows: "And the Court adjourned to hold an adjourned term on the second *Monday* in *January*, 1860." Also, a notice published for two weeks in the *Logansport Journal*, and in the *Democratic Pharos*, newspapers published in the county of *Cass*, was shown to the Court upon such hearing, and reads thus:

"*Notice of an Adjourned Term of the Cass Circuit Court.* ·

"Notice is hereby given, by order of the Court, that an adjourned term of the *Cass* Circuit Court will be held at the court house in *Logansport*, on the second *Monday*, being the 9th day of *November*, 1860, for the purpose of disposing of the unfinished business of the last *November* term of said Court, when and where the petit jurors of said term, and all witnesses in causes standing for a hearing at such adjourned term, are requested to be in attendance on the first day thereof without further service of summons. *Logansport, December 14th,* 1859.     Noah S. LaRose, Clerk."

And further it appeared, that the Court, at said adjourned term, to-wit: on the first day thereof, being the 9th of *January*, 1860, "caused the clerk to correct said order of adjournment, on the order book, above set forth, so as to cause the original order to read as follows:

Green *v.* White.

" 'And Court adjourned to hold an adjourned term on the second *Monday* in *January,* 1860; and it is ordered that notice be given by the clerk of this Court of said adjournment, by publication, two weeks successively, in the *Democratic Pharos* and *Logansport Journal.*'

"All which had been before the adjournment of said Court duly ordered by the Court; but was, by mistake, neglected to be inserted in the adjourning order."

The motion to continue was refused, and the defendant excepted. This exception, it seems to us, is not well taken. The original order, it is true, was defective, because it did not specify the manner in which public notices was to be given of the time at which the adjourned term was to be held. Acts 1855, p. 70, sec. 1. It appears, however, that the Court had, at its *November* term, directed a correct order to be entered on the record; but through mistake the entry was not correctly made. This being the case, the Court had, no doubt, full power to make a "*nunc pro tunc*" entry of the adjourned term. And the order of adjournment, as it was really made, being thus entered on the order book, there existed no cause for the continuance; because notice, in accordance with the order of the Court, had been given.

Two other points are made in the plaintiff's brief; but they do not appear to have been presented, in any form, to the lower Court; hence, they will not be noticed in this Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. D. Pratt,* for the appellant.