Conrad *v.* Johnson.

## CONRAD *v.* JOHNSON.

PRACTICE.—An attorney, in the mere character of *amicus curiæ*, has no right to except to the rulings of a Court.

Under the statute relative to arbitrations, all proceedings prior to the granting of a rule to show cause why judgment should not be rendered on the award are *ex parte.*

ADJOURNED TERM.—Where a Court orders an adjournment to a special term, for the completion of unfinished business, and that due notice thereof be given, and does not specify the mode in which public notice shall be given, but sufficient notice is given thereof by the clerk, by publication, such order will still be operative and such adjourned term legal.

ARBITRATION—PRACTICE.—Where a claim for damages for the non-performance of a parol contract is submitted to arbitration, and the award requires one party to pay to the other a certain sum, "without relief from valuation or appraisement laws," the Court, in which the award is filed, may modify the same by striking out the direction, "without relief," &c., which is unauthorized in such case.

An averment that an award was obtained by partiality should specify in what the partiality consisted.

Where the agreement to submit to arbitration appoints a place where the arbitrators shall meet to perform their duties, and they meet there and hear all the evidence and determine what their award shall be, it is not material at what place the award is finally made out and reduced to writing.

A mistake of law can not be set up as an objection to defeat an award.

Arbitrators should estimate and return with their award the costs of the arbitration.

Where the agreement of submission designates a time on or before which the award shall be delivered, and the same is not delivered on or before that time, it shall be inoperative.

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—This was a proceeding by the appellee, who was the plaintiff, against *Conrad*, to enforce an award made pursuant to a submission agreed on by the parties. The agreement to submit is, in substance, as follows: "*David H. Conrad* and *William Johnson* have agreed to submit a matter of difference between them, being a contract made for a lot of hogs, on *September* 8th, 1857, to the award and determination of *Michael Tucker*, *David Chesnut* and *Samuel Swigart*, or any two of them; the award to be made in writing and delivered to the parties on or before the 1st of *April*, 1858; said arbitration to be held at the office of *Daniel Conrad*, in *Adams* township, *Cass* county, on the 17th of *March*, 1858, and this submission to be made a rule of the *Cass* Circuit Court at its next term thereafter."

The proceedings before said arbitrators, and the award made by them, are set forth in the record, and read thus:

The undersigned, in pursuance of said submission, met on the 17th of *March*, 1858, at *Daniel Conrad's* office, in *Adams* township, in said county. The parties being then and there present, by their consent, we adjourned to meet on the 23d of *March* then next following, at the *Eight Cornered School House* in said county; and on said last named day we met pursuant to adjournment. Both parties were then again present, ready for trial and the production of their proofs; and having taken upon ourselves the burthen of the reference, we heard the proofs and allegations of the parties, and thereupon adjourned to meet at the house of *Michael Tucker*, in *Clay* township, on the 26th of *March*. And having met at the last mentioned time and place, we then and there made and published our final award in the premises; that is to say:

"We order, adjudge, and award—1. That *David H. Conrad*, on or before the 25th of *April*, 1858, pay to *William Johnson* 253 dollars and 38 cents, without relief from valuation or

Conrad *v.* Johnson.

appraisement laws. 2. That said. *Conrad* pay the following costs, viz: To *Samuel Leffee,* two days as a witness before us, 1 dollar; *James Miles,* two days, 1 dollar; *Peter Miles,* two days, 1 dollar; and our fees as follows: *Michael Tucker,* four days, 4 dollars; *Samuel Swigart,* four days, 4 dollars, and *David Chesnut,* four days, 4 dollars; which fees shall be paid to the above parties, respectively, on or befor the said 25th of *April.* 3. That *William Johnson,* on receiving said 253 dollars and 38 cents, execute to *David H. Conrad* a release in full of all demands, claims, and damages whatsoever, both in law and equity, which existed between them in reference to a contract for the sale of fifty head of hogs, made on *April* 8th, 1857. In witness. whereof we have hereunto set our hands and seals, this 27th of *March,* 1857.

"SAMUEL SWIGART, [SEAL.]
"DAVID CHESNUT, [SEAL.]
"MICHAEL TUCKER. [SEAL.]
"Attest: *Andrew McMillan."*

The record shows that the plaintiff filed the above sub-mission and award in open Court, and proved, in the mode prescribed by the statute, that each of them had been duly executed. He also proved that a copy of the award had been duly served by *David Chesnut,* one of the arbitrators, on *David H. Conrad* within fifteen days after the award was made and signed. And. the Court, being satisfied therewith, ordered said submission and award to be entered of record. And thereupon, on motion, a rule was granted against the defendant, *Conrad,* to show cause by the first day of the next term of said Court, why a judgment should not be rendered against him on the award. At this stage of the proceedings one *Lewis Chamberlain* appeared, as *amicus curiæ,* and except-ed to the granting of said rule.

This exception was not well taken, because an attorney

who appears as a mere *amicus curiæ*, has no right in that character, to except to the rulings of the Court. *Knight* v. *Lowe*, 15 Ind. 374. Moreover, as we construe the statute relative to arbitrations, it makes the proceedings anterior to the granting of the rule, *ex parte.* 2 R. S. p. 229, sec. 13.

The defendant at the *May* term, 1859, appeared and answered. His answer consists of 11 paragraphs. Issues were made on the 1, 3, and 6. To the other paragraphs demurrers were sustained. The cause was then continued to the *November* term, 1859. And afterwards, at an adjourned term of said Court, held on the 9th of *January*, 1860, the case having been called, &c., the defendant moved a continuance until the next regular term, on the alleged ground that the order, made at the *November* term, 1859, directing said adjourned term, was defective, in this, it did not specify the mode in which public notice was to be given of the holding thereof; and, therefore, such term could not be legally holden. The motion to continue was overruled, and the defendant excepted.

The point involved in this exception has been expressly decided. See *Green* v. *White*, 18 Ind. 317. In that case, it was held that the order, directing the above adjourned term, was operative, and that that term was legally holden. The result is, the Court, in overruling the motion, committed no error.

The issues were submitted to the Court, and thereupon the plaintiff moved "to modify the award by striking out that portion of it which directs the sum awarded to be collected without relief from the appraisement laws," &c. This motion was sustained, and we think correctly. See 2 R. S. pp. 231, 232, § § 17, 18. Upon final hearing, the award, so modified as aforesaid, was confirmed, and the amount therein stated, together with the cost of arbitration, was found for the plaintiff. New trial refused, and judgment.

As we have seen, demurrers were sustained to the 4th, 7th,

Conrad *v.* Johnson.

8th, 9th, 10th and 11th paragraphs of the answer. They are as follows: 4th. "The award was obtained by the evident partiality of the arbitrators, and especially by one of them,. *Michael Tucker,* toward the plaintiff, whereby the rights of the defendant were prejudiced." 7th. "That the award was not made and delivered to the parties on or before the first of *April,* 1858." 8th. "The arbitrators adjourned, without the consent of the defendant, to the house of *Michael Tucker,* and made the award in the defendant's absence." 9th. "They exceeded their authority, in this, they directed the sum awarded to be paid without relief," &c. 10th. "They mistook the law." And 11th. "They had no right to award costs," &c.

The fourth paragraph is general in its terms, fails to point out in what the alleged partiality consisted, and for that reason is defective. The eighth was also demurrable, because the arbitrators, having heard the evidence, &c., and determined upon the award, it could not be material as to the place where it was finally made out and reduced to writing. And as to the ninth parrgraph, it may be noted that the matter set up in that pleading was, on the plaintiff's motion, stricken out of the award. As to the tenth, it has been expressly decided that "mistake of law can not be set up as an objection to defeat the award." *Carson* v. *Earlywine,* 14 Ind. 256. And the 11th was no defence to the suit, because the statute, upon which the proceeding is based, in effect, requires the cost of the arbitration to be estimated by the arbitrators, and returned with the award. 2 R. S. p. 229, sec. 10.

But the seventh paragraph remains to be considered. That paragraph, as has been seen, alleges "that the award was not made and delivered to the parties on or before the first of *April,* 1858." The statute is, that "a true copy of the award, &c., shall be delivered to each of the parties, &c., within fifteen days after the signing of the award;" *id.* sec. 11; but

here the submission expressly stipulates that the award should be delivered "on or before the first of *April*, 1858." The demurrer admits that it was not delivered "on or before" that day; and the question arises, Is it, on account of its non-delivery at the time stipulated, inoperative? This question must receive an affirmative answer. The statute, it is true, prescribes the time within which the award shall be delivered; but that requirement is for the benefit of the parties; and we perceive no reason why they may not waive it, and, in their submission, agree, as they have in this case, upon the time for its delivery. *Francis* v. *Ames*, 14 Ind. 251. If, then, as alleged in the pleading, the award before us was not delivered within the time stipulated in the submission, it can not be held operative between the parties. And the result is, the demurrer to the seventh paragraph of the answer should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*L. Chamberlin*, for the appellant.

*D. D. Dykeman* and *D. D. Pratt*, for the appellee.