BENJAMIN and Others *v.* THE EVANSVILLE, INDIANAPOLIS, &c., RAILROAD COMPANY.

JUDGE PRO TEM.—A judge called to preside, under the act of 1855, at the trial of a cause, in the place of another judge who is disqualified, derives his power from the statute, and not from the notice given to him by the disqualified judge. The object of the notice is simply to secure the attendance of a competent judge, and the notice is not part of the record.

APPEAL from the *Knox* Circuit Court.

ELLIOTT, J.—This was a suit instituted in 1863, by *The Evansville, Indianapolis and Cleveland Straight Line Railroad Co.* against *Benjamin, Blythe* and *De Wolf.* The complaint alleges, in substance, that in 1859, and prior thereto, the plaintiff was the payee and owner of a large number of promissory notes, which are described, and on which interest had accrued to the amount of $2,000; that said notes fell into the hands of *Henry D. Allis,* the vice president of said railroad company, who, without any authority of law or of the plaintiff, and without any consideration whatever, indorsed them in blank; that said notes had fallen into the hands of the defendant *Benjamin,* who claimed to be the owner thereof, and had placed them in the hands of said *Blythe* and *De Wolf* for collection, who were threatening to collect the money due thereon for the benefit of said *Benjamin;* that the indorsement of said notes was fraudulent and void as to the plaintiff, who was still the legal owner thereof and entitled to their possession. Prayer that the defendants be required to deliver the notes to the plaintiff; that the indorsements thereon be cancelled, and the defendants perpetually enjoined from collecting the same for the use or benefit of said *Benjamin,* and for general relief.

At the *February* term of the court, 1864, *Blythe* filed an answer denying the allegations of the complaint. At the succeeding *August* term, the death of *Blythe* was suggested of record, and leave was given the plaintiff to amend the

complaint, and the cause was continued. The plaintiff filed a supplemental complaint by way of amendment, alleging the death of *Blythe*, testate, the publication of his will, and the grant of letters testamentary to *Thomas E. Garvin*, the executor named in the will, praying that *Garvin*, as such executor, be made a party defendant, and averring that a large portion of the notes referred to in the complaint had gone into the hands of *Garvin*, as such executor, and also the sum of $2,000, the proceeds of others of said notes collected by said *Blythe* in his lifetime. It further avers that the sum of $1,500 had also been collected on said notes by the defendant *De Wolf*, which sum was still in his hands.

At the *August* term, 1865, the judge of said court, having previously been engaged as counsel in the case, declined to preside at the trial thereof. The cause was thereupon set for trial at a special term of the court "to be held at the court house in *Vincennes* on the third *Monday* of *November* (then) next, before some disinterested judge who would be called to preside at the trial of causes at said special term." The special term was held at the time appointed by *David T. Laird*, judge of the Court of Common Pleas for the third district.

The defendants appeared at said term, and *De Wolf* and *Benjamin* demurred to the complaint. The demurrer was overruled, and the defendants then filed an answer in three paragraphs, upon which issues were formed.

By agreement of the parties, the cause was submitted to the court for trial without a jury. The court found as follows, viz: "that the notes, in the complaint herein mentioned, were, at the time of their execution respectively, and still are, the property of the plaintiff; that the property in said notes, as aforesaid, did not pass out of the plaintiff by the indorsement, or pretended indorsement on the same, and delivery thereof referred to in the complaint. The court also finds that the defendant *William P. Benjamin* is not now, nor has he been, the *bona fide* holder or

owner of said notes. The court also finds that the plaintiff is entitled to a return of said notes, or to the proceeds thereof in cases in which any of them have been collected. The court also finds that, since the commencement of this suit, and since the temporary restraining order herein was granted, an agreement was entered into between the parties, by which the said *James E. Blythe* and *William H. De-Wolf*, as the attorneys of their co-defendant *Benjamin*, were to proceed with the collection of said notes, or such portion of them as might be convenient, and hold the proceeds of the same, subject to the order of this court in this cause. The court also finds that there was in the hands of the said *James E. Blythe*, attorney as aforesaid, at the time of his death, as the proceeds of a portion of said notes collected under said agreement, the net sum of $1,355, after deducting all offsets and counter-charges due to the said *Blythe*, and that sum of money is now in the hands of the said *Thomas E. Garvin*, executor of the last will and testament of the said *James E. Blythe*, who is now deceased, subject to the order of this court herein. The court also finds that there is a sum of money in the hands of the defendant *De Wolf*, attorney as aforesaid, as the proceeds also of a portion of said notes, also collected under said agreement, but the court is unable, from the testimony, to ascertain the true amount of the same."

The defendants moved the court for a new trial, for the reasons that—

1. The finding by the court, of the facts in the case, is contrary to the evidence.

2. The finding by the court of the facts is contrary to law as well as the evidence.

The court overruled the motion, and rendered judgment for the plaintiff on the finding. The defendants appeal.

The first objection to the proceedings, urged by the appellants, relates to the legality of the court by which the case was tried. It is claimed that, though the record shows that the case was not tried by the judge of the circuit, it

does not show a trial before any other judge legally authorized. The record, however, does not sustain the position. We have seen that the circuit judge, having been of counsel, declined to try the case, and set it for trial at a special term of the court to commence on the 3d *Monday* of *November*, 1865. The record in the case is badly made up. In setting out, in the complete record, the first proceedings had in the cause at each term, the clerk should state before whom the court is held. This is not done in that part of the record in which the proceedings of the special term, at which the cause was tried, are set out, but the record commences with the following statement: "At a special term of the *Knox* Circuit Court, held at the court house in *Vincennes*, *Knox* county, *Indiana*, pursuant to an order of court, and notice given as required by the said order, commencing on the 20th day of *November*, 1865, being the third *Monday* in *November*, 1865, before the Hon. *David T. Laird*, judge of the Court of Common Pleas of district number three, in the State of *Indiana*, the following proceedings were had, to-wit." This statement can only relate to the proceedings of the special term, as all the others occurred prior to its date. This is not a case in which the judge presiding should have a special appointment.

The regular judge of the court being incompetent to try the cause, it was his duty to fix the time for trial, and notify some other judge thereof, who is required by the statute to attend at the time and place appointed, and to hold the court. The statute makes any other judge of a court of record competent to preside. He derives his power from the statute, and not from the notice given him by the disqualified judge. The object of the notice is simply to secure the attendance of a competent judge, and the notice is not a part of the record. 2 G. & H., §§ 1, 2 and 3, p. 9.

It is also claimed that the notes in controversy were payable at a chartered bank in this State, and were therefore, governed by the law merchant, and being indorsed, were protected in the hands of *Benjamin*, a *bona fide* holder, and that

the finding of the court was therefore contrary both to the law and the evidence. But the court found that *Benjamin* was not a *bona fide* holder of the notes, and we cannot say that the evidence, which is in the record, does not sustain that finding. The notes were indorsed by *Allis* who was the vice-president of the company. The indorsements were signed thus: " *H. D. Allis,* V. P., att'y in fact for *J. Smith,* President." And it is very clear, from the evidence, that neither the president or vice-president had any authority as such, or otherwise from the company, to make the indorsements. The evidence shows that the notes in controversy were executed by various persons residing at different points along the line of the railroad, or in different counties through which the road was located; that *E. S. Alford* was one of the contractors for the construction of the road, and because his business led him to pass along the line thereof, the notes in controversy, with many others, were placed in his hands for collection, and for no other purpose. The vice-president of the company, however, before delivering the notes to *Alford,* indorsed them in the manner stated. *Benjamin* was the brother-in-law of *E. S. Alford* and *N. R. Alford,* both of whom were contractors on the railroad. *Benjamin* and the *Alfords* all resided in the State of *Connecticut.*

*Benjamin* claims that the *Alfords* were indebted to him over $13,000 for money loaned them, evidenced by three promissory notes, all dated *January* 1, 1857. In 1858, he commenced suit on the notes in the city of *New York,* and recovered judgment thereon against both the *Alfords.* Sometime subsequent to the recovery of the judgment, *Benjamin* testifies that the notes in controversy were sent to him by his attorneys in *New York,* as a payment on said judgment, but how the notes were procured, or from whom, he did not know; that he had not credited the judgment therewith, nor authorized his attorney to do so. One of the notes in controversy, and the indorsement thereon, is set out in the record as a specimen of the whole. It

is payable at the *Crescent City Bank*, but the indorsement bears date after the maturity of the note. The evidence shows that the greater number, though not all, of the notes were payable in bank, but as they were placed in *Alford's* possession for collection only, it may be reasonably inferred that they had all matured before they were indorsed.

We think the finding of the court is sustained by the evidence. The demurrer to the complaint was correctly overruled. The supplemental complaint made *Garvin*, the executor of *Blythe*, a defendant. No order of the court for that purpose was necessary, and as we understand the record it shows that he appeared and joined in the answer.

The judgment is affirmed, with costs.

*J. G. Jones, J. Davis, S. E. Perkins* and *L. Jordan*, for appellants.

*W. E. Niblack* and *W. H. De Wolf*, for appellee.