Wood *et al. v.* Franklin *et al.*

No. 11,481.

WOOD ET AL. *v.* FRANKLIN ET AL.

CIRCUIT COURT.—*Appointment of Judge Pro Tem.*—*Notice.*—*Record.*—*Statute Construed.*—Where the regularly elected judge of a court declines to try a cause on account of relationship to one of the parties, and appoints another judge to try the cause, under the act of March 1st, 1855, 2 R. S. 1876, p. 10, no written appointment of the trial judge is required, and the notice to secure his attendance is not required to be made a part of the record.

SAME.—*Presumption.*—Where, in case of such appointment, a judge of a court of record appears at the time designated and tries the cause, the Supreme Court will presume it to have been upon proper notice and by competent authority.

SAME.—*Adjourned Term.*—*Supreme Court.*—*Presumption.*—Under section 1333, R. S. 1881, providing for adjourned terms of courts, the Supreme Court will presume that the court specified the manner of the notice, but it is not required to be in the adjourning order.

From the Owen Circuit Court.

*I. H. Fowler*, for appellants.

*J. C. Robinson* and *S. O. Pickens*, for appellees.

BICKNELL, C. C.—The appellants brought this suit to set aside certain judgments of the Owen Circuit Court, and a sale of their land on execution, and a deed made by the sheriff, and to recover from the appellees, as heirs of the purchaser, damages for the detention of the land, and to quiet the title to the land.

The issue, arising upon a general denial, was tried by the court, who found for the defendants, and after overruling the plaintiffs' motion for a new trial, rendered judgment for the defendants, from which the plaintiffs appealed.

The only questions arising upon the appeal are:

1. Had Newton F. Malott, judge of the twelfth judicial circuit, authority to hold the Owen Circuit Court and render the judgments complained of?

2. Was the adjourned term of the Owen Circuit Court, commencing on the 5th day of August, 1873, illegally held,

so that the judgments rendered at such adjourned term were void?

Questions were made on the trial as to the admissibility of some of the evidence, and the rulings of the court thereon were presented as reasons for a new trial, but these reasons are not discussed or even mentioned in the appellants' brief, and are therefore regarded as waived.

It appeared that at the May term, 1873, of the Owen Circuit Court, the suit, in which the judgments complained of were afterwards rendered, was on the docket, and that an amended complaint was filed therein, which the defendants were ordered to answer, and that on the 14th judicial day of said term the following entry was made in said suit:

" Now come the parties by their attorneys in the several causes hereinafter entitled and numbered in the regular order in which they stand upon the docket, and by agreement the said causes are passed to the adjourned term of the court to commence on the 5th day of August, 1873, as follows, to wit." Then followed a list of said causes in which were the number and title of the suit in which the judgments complained of were afterwards rendered, to wit: " No. 92, *William Franklin et al.* v. *Willis W. Wood et al.*"

It appeared that on the 14th of June, 1873, the said May term of the Owen Circuit Court was adjourned by the following order entered on the record:

" Ordered, that court now adjourn until the 5th day of August, 1873, owing to the regular time for said term having expired, and the business thereof not being complete."

It appeared that prior to said agreement, and prior to said adjournment, and after said order upon the defendants to answer, said cause No. 92 was set down for trial before Judge N. F. MALOTT, of the twelfth judicial circuit, because the judge of said Owen Circuit Court was of kin to one of the plaintiffs in said cause.

It appeared that on said 5th day of August, 1873, the said

adjourned term of said Owen Circuit Court was duly opened by the judge of the Owen Circuit Court, and that on the same day said Newton F. Malott appeared and held the court for the trial of said cause No. 92, and continued the same by adjournment from day to day until the fifth day of said adjourned term, on which day said cause No. 92 was tried and the judgments complained of were rendered before said Newton F. Malott.

The appellants say that Newton F. Malott was not appointed in writing, and, therefore, had no authority to hold said court.

The proceedings were governed by the act of March 1st, 1855, 2 R. S. 1876, p. 10, sections 1 and 2.

The subsequent acts of March 5th, 1859, Acts 1859, p. 139, and of March 17th, 1861, Acts 1861, p. 49, are amendments of other statutes, and provide for those cases only in which a change of venue is granted on the application of either party ; they do not change the provisions hereinafter stated of sections 1 and 2 of said act of 1855.

Section 1 of the act of 1855 authorizes a circuit judge to decline to preside in a cause when he is related to any of the parties.

Section 2 of the act of 1855 authorizes the judge in such a case to appoint a time in vacation for the trial of such cause, and to give at least ten days' notice thereof to some other judge of a court of record, and provides that such other judge, so notified, shall, at the time designated, attend at the usual place of holding courts in said county, and preside in said cause, etc.

There is nothing in these provisions which required an appointment in writing of such other judge. The statute makes any other judge of a court of record competent to preside. He derives his power from the statute, and not from the notice. The object of the notice is to secure the attendance of a competent judge, and it is not a part of the record. *Benjamin* v. *Evansville, etc., R. R. Co.,* 28 Ind. 416.

The appellants claim, also, that Judge Malott's appointment was revoked, and that the Hon. Solon Turman, judge of the thirteenth judicial circuit, was appointed to hold the court.

The following entry in the record was in evidence:

" *William Franklin et al.* v. *Willis W. Wood et al.*

" Now come the parties, by their attorneys aforesaid, and it appearing that the judge of this court is of kin to the plaintiff William Franklin, this cause is set down for trial before the Hon. Solon Turman, judge of the thirteenth judicial circuit of the State of Indiana."

The appellants say that the record plainly discloses the fact that Newton F. Malott was first appointed and afterwards the appointment was revoked, and Judge Turman's name was substituted.

But, under the act of 1855, *supra*, it was not necessary to name any judge; when the record showed that the judge of the Owen Circuit Court had declined to preside, by reason of kinship, then any other judge of a court of record, having ten days' notice, was required by the statute to hold the court for the trial of said cause; and as Newton F. Malott was a judge of a court of record, and as he appeared and held the court at the time fixed, the presumption is that he received the proper notice, and that he had competent authority. *Kenney* v. *Phillipy*, 91 Ind. 511, and cases there cited. This court knows judicially who are the circuit judges of this State. *Zonker* v. *Cowan*, 84 Ind. 395.

The appellants claim that the adjourned term was not properly held, because it does not appear that any public notice thereof was given. They say that the act of February 12th, 1855, R. S. 1881, section 1333, provides that public notice of such adjournment " shall be given in some manner, to be specified by said court; " and they claim that, for want of such notice, the court had no jurisdiction at said adjourned term, and all its proceedings were void.

In *Hanes* v. *Worthington*, 14 Ind. 320, and in *Shirts* v.

*Irons,* 28 Ind. 458, this court said: " The statute fully authorizes the court to hold an adjourned term for the purpose of completing the business undisposed of; and, the contrary not appearing. we will presume that the court was regularly held and the cause properly brought to trial."

In the present case the adjourned term was held at the time appointed, and the court had a right to adjourn to a day in vacation for the completion of its unfinished business; and it does not appear that the court failed to specify the manner in which notice of the adjourned term should be given, nor does it appear that such notice was not given. The entire record of the Owen Circuit Court, at the May term, 1873, was not in evidence; detached parts only of such record were proved.

The specification by the court of the mode of notice was not in the adjourning order, but it was not required to be there; it might appear elsewhere.

The statute, R. S. 1881, section 1333, requires that the time for the adjourned court shall be specified in the adjourning order, and that is all; the manner of the notice may be specified in a previous order (*Washer* v. *Allensville, etc., Co.,* 81 Ind. 78); or in a subsequent order entered *nunc pro tunc. Green* v. *White,* 18 Ind. 317. And if sufficient notice be given, the adjourned term will be legal although the court made no order as to notice. *Conrad* v. *Johnson,* 20 Ind. 421. The record not showing the contrary, the presumption is that the adjourned term was lawfully held.

We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Sept. 18, 1884.