Filed Feb. 20, 1895.

———————◆———————

No. 1,601.

MYERS ET AL. *v.* INDIANAPOLIS UNION RAILWAY COMPANY.

DEMAND.—*Street Sprinkling Assessment.*—A demand is not a prerequisite to an action for the collection of a street sprikling assessment.

From the Marion Superior Court.

*H. J. Everett,* for appellants.

*A. Baker* and *E. Daniels,* for appellee.

DAVIS, J.—This was an action by appellants against appellee to collect a street sprinkling assessment.    Sections 3860, 3861 and 3862, R. S. 1894.   In the court below a demurrer was sustained to the complaint.   The

contention of appellee is that the complaint is not sufficient because it does not aver a demand before suit. This presents the only question we are required to determine on this appeal.

Section 3862, *supra,* is in part as follows: "The duties of the department of finance and of the treasurer, the rights of contractors, and the liabilities of such city in relation to such street sprinkling * assessments shall be the same as in the case of street improvement assessments. But such assessments shall be payable on the first Monday in November, for any one year, in the manner that street improvement assessments are payable."

Section 3848, R. S. 1894, provides that the board of public works shall, as soon as any contract has been let for the improvement, make out an assessment roll and deliver the same to the head of the department of finance.

Section 3849, R. S. 1894, provides that whenever the board of public works shall approve and accept the entire work under any contract, and allow a final estimate therefor, it shall be the duty of the department of finance to forthwith deliver to the treasurer a certified copy of the assessment roll.

Section 3851, R. S. 1894, relates to the duty of the treasurer in making the collection.

Section 3853, R. S. 1894, provides that if the city shall fail to collect any assessment when due, then the person to whom is due and owing the amount of such unpaid assessment for the performance of such work shall have the right to proceed in any court of competent jurisdiction to foreclose the liens or unpaid assessments, recovering interest, costs and a reasonable attorney's fee. In the act in relation to the collection of assessment benefits in condemnation proceedings it is provided that such assessments of benefits shall be due and payable from the

time of the delivery of the assessment duplicate to said treasurer. In such cases a demand is necessary before suit. Section 3841, R. S. 1894.

In proceedings for the condemnation of property, no particular day in the year is specified on which the assessments of benefits shall be due and payable to the treasurer. Such assessments are due and payable to the treasurer from the time of the delivery of the assessment duplicate to the treasurer.

If the property owner does not, within thirty days after the allowance of the final estimate, enter into an agreement in writing to pay the assessment for street improvements in installments, the entire assessment becomes due. Section 3850, R. S. 1894. No provision is made for a demand before suit. Section 3853, *supra.*

Street sprinkling assessments are made payable on the first Monday in November, in the manner that street assessments are payable. Section 3862, R. S. 1894.

If the law does not read into the statute in relation to the collection of assessments for street improvements a demand as a necessary condition precedent before suit, there is no reason for saying that the law reads such demand into the statute for the collection of street-sprinkling assessments.

In *Sloan* v. *Faurot*, 11 Ind. App. 689, Judge REIN-HARD says: ''It is proper to say, however, that we do not regard the complaint as defective for failing to allege a demand upon the appellant for the money before suit.'' That was an action to collect an assessment for street improvement.

Mechanics' liens are created by statute. The laborer or material man acquires his lien by filing notice thereof in the office of the recorder. A demand has never been held a necessary condition precedent before suit to foreclose the lien.

When liens are created by statute there is strong argument to support the proposition that according to the principles of natural justice the law should regard a demand as a necessary condition precedent before suit to forclose the lien, including costs and a reasonable attorney's fees.

The question is, however, no longer an open one in this State.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed Feb. 19, 1895.