Lewis v. Albertson.

---

## LEWIS v. ALBERTSON ET AL.

[No. 2,702.  Filed May 24, 1899.  Rehearing denied Oct. 27, 1899.]

APPELLATE COURT.—*Transfer of Cause from Supreme Court.*—*Constitutional Question.*—*Waiver.*—Where an appeal from a judgment foreclosing street improvement assessments was taken to the Supreme Court, and no question was raised as to the constitutionality of the law under which the improvements and assessments were made, and the cause was transferred to the Appellate Court, such question will be deemed to have been waived. *pp. 149, 150.*

STREET IMPROVEMENTS.—*Foreclosure of Assessments.*—*Complaint.*— A complaint to foreclose street improvement assessments need not state whether the proceedings were had at a regular or special meeting of the city council. *p. 150.*

Lewis *v.* Albertson.

STREET IMPROVEMENTS.—*Foreclosure of Assessments.—Complaint.— Plans and Specifications.*—It is not necessary to make the plans and specifications for the improvement of a street a part of the complaint in an action to foreclose an assessment. *p. 150.*

SAME.—*Foreclosure of Assessment.—Complaint.—Title to Street.*—A complaint to foreclose an assessment for street improvements need not allege that the city had title to the street. *pp. 150, 151.*

SAME.—*Foreclosure of Assessments.—Complaint.—Contract.*— In an action to foreclose an assessment for street improvements the assessment is the foundation of the action, and the contract for the improvements need not be made part of the complaint. *p. 151.*

SAME.—*Time in which Work was Done.—Notice.*—A reply in an action to foreclose street improvement assessments alleging that plaintiff entered upon the work of improving the street in a certain month and year, employing a large number of men and teams, and that defendant lived on the street improved, within plain view of the same, and of the work, sufficiently states the time when the work was done, and knowledge of defendant regarding the work. *pp. 152, 153.*

JUDGES.—*Special Judge.—Appointment.—When Need Not Be in Writing.*—When the person called to try the cause on change of venue is a duly qualified and elected judge of another circuit, a written appointment is not necessary. *pp. 153, 154.*

COURTS.—*Adjourned Term.—Presumption as to Regularity.*—It will be presumed in the absence of any showing to the contrary that the time for holding an adjourned term of court was properly fixed by the regular judge, and due notice given thereof. *p. 154.*

SAME.—*Adjourned Term.—Special Judge.—Appointment.—Jurisdiction.—Waiver of Objections.*—Where a special judge was appointed to try a cause at an adjourned term, and defendant appeared and filed demurrer, on separate days, and thereafter objected to the jurisdiction, solely upon the ground that the adjourned term was not regularly called, such action amounted to a waiver of any objection as to the regularity of appointment. *p. 154.*

SAME.—*Special Judge.—Jurisdiction.—Objection.—Waiver.*—An objection to the jurisdiction of the court is waived where the party in the same motion asked for a continuance. *p. 154.*

APPEAL AND ERROR.—*Record.*—A specification that the court erred in overruling appellant's motion for a new trial presents no question where the motion is not in the record. *p. 155.*

STREET IMPROVEMENTS.—*Resolution.*—A resolution for street improvements may embrace more than one street. *pp. 155, 156.*

APPEAL AND ERROR.—*Assignment of Error.—Overruling Motion for Judgment.*—An assignment of error that the court erred in overruling defendant's motion for judgment in her favor presents no question. *p. 157.*

Lewis v. Albertson.

STREET IMPROVEMENTS.—*Foreclosure of Assessment.—Complaint.*—
In a complaint to foreclose street improvement assessments it is not
necessary to set out in detail all of the proceedings of the common
council relative to the improvement. *pp. 157-161.*

SAME.—*Foreclosure of Assessments.—Complaint.*—A complaint to
foreclose street improvement assessments need not allege a previous
demand. *pp. 158, 159.*

SAME.—*Foreclosure of Assessments.—Complaint.*—A complaint to
foreclose street improvement assessments need not specifically
allege that the assessments were due, where the allegations showed
that the assessments were made, and the time for payment, as pro-
vided by statute, had passed. *p. 159.*

SAME.—*Notice.*—Notice of the time when property owners along the
line of the proposed street improvement could make objections to
the necessity of the construction thereof is unnecessary. *p. 159.*

PRACTICE.—*Harmless Error.*—The overruling of a demurrer to a
pleading is not material where the facts necessary to a recovery are
found in the special finding of facts. *p. 160.*

From the Lawrence Circuit Court.   *Affirmed.*

*John D. Alexander, James H. Willard, R. W. McBride*
and *C. S. Denny,* for appellant.

*T. J. Brooks, W. F. Brooks, B. K. Elliott* and *W. F.
Elliott,* for appellees.

COMSTOCK, J.—Appellees instituted this action to foreclose
a lien for improvement of H street in the city of Bedford.
At the request of appellant the court made a special finding
of facts and stated conclusions of law thereon. Upon such
conclusions judgment was rendered in favor of appellees.

The cause was appealed to the Supreme Court. The able
and elaborate brief of appellant filed in that court did not
question the constitutionality of the law under which the im-
provements and assessments in question were made. The
action being for the enforcement of a lien of purely statu-
tory origin, and the amount not exceeding $3,500, the Su-
preme Court, under the statute, transferred the cause to this
court. In their reply brief, filed since such transfer, appel-
lant discusses the constitutional question. Having failed to
present the question in the only tribunal having jurisdiction,

in the tribunal of her own selection, for the purpose of this appeal, it must be deemed to have been waived. As said by Rheinhard, J., speaking for the court in *Town of Andrews v. Sellers*, 11 Ind. App. 301, 303: "At all events, the order of transfer settles the question of jurisdiction in favor of this court."

We will pass upon the questions discussed of which this court has jurisdiction in the order in which they are presented. In her original brief appellant first discusses the second error assigned, viz., the overruling of appellant's motion to require appellees to make their complaint more specific. This motion set out seventeen specifications. We will consider those only that are discussed.

The second request asked that the complaint be made to state whether the various actions taken by the common council of the city of Bedford were had and taken at a regular or a special meeting of the council, and if at a special, what was the purpose of the meeting. Appellant cites no authority requiring such proceedings to have been had at a regular meeting.

The third (numbered fourth in appellant's brief) asked that the complaint state when the plans and specifications referred to therein were adopted, and to make a copy of them exhibits.

In *Dugger v. Hicks*, 11 Ind. App. 374, the court held that plans and specifications are no part of the cause of action.

The fifth request (numbered sixth in appellant's brief) asked that the complaint be made to show what title to the street, if any, the city of Bedford had at the time of the adoption of the resolution for the improvement (August 7, 1894), and, if it had title, to state the width of the street so owned. If there was a public street in the city of Bedford of the name designated in the resolution, its width and the title were not material in this action. *Dugger v. Hicks, supra.* Elliott on Roads and Streets, at page 380, says: "If * * * the local authorities were attempting to construct

a road or street over property where they had neither acquired nor could lawfully acquire the right to lay out a road or street," the property owner "might, if he moved in time and in an appropriate way, prevent the enforcement of the assessment against his property. But if he should delay until after the work had been done, he could not succeed."

The eighth and ninth requests ask that the complaint state the date at which the common council ordered the bids to be received, the date at which the contract mentioned in the complaint was entered into between the city and appellant, and the nature and terms of the contract, and what were the specifications of the same in full. The contract need not be made a part of the complaint; the assessment is the foundation of the action. *Dugger* v. *Hicks, supra.* The complaint shows that the contract was awarded to plaintiff on November 20, 1894, and that plaintiff has improved said street in all things complying with the resolution and order of improvement, and that on the 3rd of September, 1895, the improvement was accepted by the city engineer and the common council from the plaintiff, and the city engineer was ordered by said council to make and report a final estimate of the cost of said improvement, as by statute provided; that on the 10th of September, 1895, the engineer reported to the council a final estimate, which was filed, and referred to an appropriate committee, etc. When approved, this estimate became an assessment. *New Albany Gas, etc., Co.* v. *Crumbo,* 10 Ind. App. 360.

The sixteenth request (numbered seventeen in appellant's brief) asks that the contract and specifications be made a part of the complaint as an exhibit. In actions of this kind it is not necessary in the complaint to set out all the details of the work. *Dugger* v. *Hicks, supra.* The complaint alleges that the plans and specifications were on file in the office of the city engineer. Appellant had access to them. Appellant was not prejudiced by the rulings of the court on the motion to make more specific. Courts will require a com-

plaint to be made more definite and certain when the precise nature of the charge is not apparent. The complaint is sufficiently certain and definite to make the charge apparent. *Alleman* v. *Wheeler*, 101 Ind. 141.

The sixth specification of error questions the action of the court in overruling the demurrer to the amended second paragraph of reply. The objection made to this paragraph is that it does not state the time of the beginning of the work nor any fact which shows knowledge on the part of the defendant (appellant) regarding it. It does not appear from the record that a demurrer was filed to this pleading. A demurrer was filed to the original second paragraph, but yet we think it sufficient to withstand a demurrer. It was pleaded as an estoppel. It states that the plaintiffs entered into the contract for the improvement of H street in the city of Bedford, as set out in the complaint; that all the proceedings "had been had and done" by the common council of said city as set out in said complaint. That under and by virtue of said contract "the plaintiffs entered upon said street and the work of improving the same according to their said contract, and under the direction, supervision, and control of the city civil engineer of said city, on the——day of March, 1895. That they employed a large number of teams, men, tools, implements, etc., continuously on said street until the 3rd day of September, 1895, when the same was completed, and was accepted by the city civil engineer and common council of said city. That in the improvement of said street, in labor, material, and other necessary expenses, they expended the sum of $20,000. The defendant, during all the times named in said complaint, and all the times during which said proceedings were had and the work thereunder and under said contract was being done and performed, lived in the city of Bedford, on said street, within plain view of the same, and of the work aforesaid, saw the same was being done, had knowledge of the same, saw the said work and improvement going on, saw said expenditures being made, had

Lewis *v.* Albertson.

full and complete knowledge of the same, made no objection whatever to said improvement, to said work, its order by the council, the beginning of the same, or its prosecution. Plaintiffs say that they have fully done and performed all the conditions of said contract with said city in good faith, believing that said proceedings were valid and regular, and knowing of no objection on the part of this defendant, or any other person to said proceedings, to said contract, or the improvement thereunder, or that the same were irregular. Wherefore plaintiffs demand judgment." This paragraph is certainly good so far as any objections are pointed out by appellant.

Appellant discusses the seventh and ninth specifications of errors together. The seventh challenges the action of the court in overruling appellant's objection to the jurisdiction of the court, and a motion for the continuance of the cause. The ninth challenges the action of the court in overruling her motion in arrest of judgment. In support of the seventh specification, appellant claims that Judge Hefron, before whom the cause was tried, had no authority to act, and that the adjourned term was illegal because called by a special judge. Appellant's original brief, in which these alleged errors are discussed, was written before the transcript was amended under the writ of *certiorari*. Some of the objections do not apply to the record as amended. The record shows that on the 30th day of November, 1896, Judge Martin (the regular judge) being disqualified, appointed S. B. Voyles, judge of the forty-second judicial circuit of Indiana, special judge to try this cause. On December 7, 1896, Judge Hefron of the forty-ninth judicial circuit was appointed to try it, the record of appointment being signed by Judge Martin and Judge Voyles. An adjourned term was thereafter ordered, beginning December 21, 1896, during which the trial of said cause was to be held by said Hefron, Judge as aforesaid, and the clerk of the court was ordered and did give notice of the holding of the adjourned term by publication one week each in a daily and weekly newspaper

of general circulation printed in said county of Lawrence, signed by William H. Martin, Judge. It thus appears that the adjourned term was called by the regular judge; that the record of appointment of Judge Hefron and the order for the adjourned term were signed by the regular judge. It is objected that there is no written appointment shown for either Judge Voyles or Judge Hefron. The amended transcript shows the appointment of Judge Voyles on the 30th of November, 1896; that on the 7th of December, 1896, the cause was set for trial before Judge Hefron in an order signed by Judge Martin and Judge Voyles. So, in addition, the record shows that Judges Voyles and Hefron were judges of other circuit courts of Indiana. A written appointment is not necessary when the person called to try the cause upon change of venue is a duly qualified and elected judge of another circuit. *Wood* v. *Franklin*, 97 Ind. 117; §419 Burns 1894.

As heretofore stated, the record shows that the time for holding the adjourned term was properly fixed by the regular judge, and due notice given, facts which would be presumed in the absence of a showing to the contrary. *Wood* v. *Franklin*, 97 Ind. 117; §1443 Burns 1894; *State* v. *McGuire*, 53 Iowa 165, 4 N. W. 886; *State* v. *Sachs*, 3 Wash. 496, 29 Pac. 446; 1 Elliott's Gen. Prac. §227. But if the objections to the appointment of Judge Hefron were valid, we think they were waived. All objections to a special judge must be made seasonably and promptly. Appellant appeared and filed demurrers on separate days, and thereafter objected to the jurisdiction solely upon the ground that the adjourned term was not regularly called. This was a waiver of any objection as to the regularity of the appointment. In the same motion they asked for a continuance. This was a waiver of the objection to the jurisdiction. *Sargent* v. *Flaid*, 90 Ind. 501; *Bucklin* v. *Strickler*, 32 Neb. 602, 49 N. W. 371; *St. Louis, etc., R. Co.* v. *McBride*, 141 U. S. 127, 11 Sup. Ct. 982; *Landon* v. *Comet*, 62 Mich. 80, 28 N. W. 788; 2 Elliott's Gen. Prac. 474; *Lillie* v. *Trentman*, 130 Ind. 16, 20, and authorities there cited.

The eighth specification of errors stated that the court erred in overruling appellant's motion for a new trial. It presents no question, for the motion is not in the record.

The tenth specification is that "the court erred in its conclusions of law on the facts found." Upon this alleged error appellant states that "the special findings taken together" show that the improvement was a double one, of two streets, not a single one, or of one street, as the statute contemplates." The special findings show that the common council, on the 3rd day of July, 1894, by more than a two-thirds vote, adopted a resolution declaring that it was necessary to improve H street in said city from the south line of 15th street south to the corporation line; also to improve I street; that notice of the passage of said resolution and notice to property owners that objection to such improvement would be heard was duly given; that on the 7th of August, 1894, a resolution was duly adopted ordering that H street in said city be improved from the south line of 15th street south to the corporation line, and that I street be improved from the south line of 16th street south to the corporation line, both streets to be improved by grading, macadamizing, guttering and laying sidewalks, in accordance with the general plans and specifications theretofore adopted, and then on file in the office of the city civil engineer, and to be done at the cost and expense of the lots and parts of lots and lands abutting on the improvement on said street, in proportion to the number of lineal feet fronting on said improvements, except cost of streets and alley intersections. We see no reason, and none is stated by appellant, why one resolution may not provide for the improvement of two streets. *Adams Co.* v. *City of Quincy*, 130 Ill. 566, 22 N. E. 624; *Payne* v. *Village of South Springfield*, 161 Ill. 285, 44 N. E. 105; *Mayor* v. *Weed*, 96 Ga. 670, 23 S. E. 900; *Kirkland* v. *Board, etc.*, 142 Ind. 123.

In the case of *Mayor* v. *Weed, supra*, it is said: "The power conferred by this act is legally exercised, whether

separate ordinances be passed for each street intended to be improved, or whether the improvement of several streets be provided for in one ordinance. The passage of the ordinance is simply the evidence that, according to the discretion vested in the mayor and aldermen, the improvement of the street or streets covered thereby is necessary to the welfare of the city, and we know of no reason why this declaration may not as well be made by a single ordinance to cover a number of streets, the improvement of which in the judgment of the city council is necessary, as it could be made to cover only a single street. The power to pass an ordinance for the improvement of any of the streets of the city includes the power to improve any number of the streets. We think, therefore, that the objection to the ordinance, upon the ground that it contemplated the improvement of more than a single street and was consequently illegal and contrary to the charter power, is without merit." The contract for H street was let, and the assessments for H street were made separately for that street. The work in such case may be let on separate contracts even where the improvement is of a single street. *Eyerman* v. *Blakesley*, 13 Mo. App. 407; *Kemper* v. *King*, 11 Mo. App. 116.

In this connection appellant states that there is no finding of estoppel. If the proceedings were valid, the assessment was properly enforced whether there was an estoppel or not. It is found, however, that the defendant Helen N. Lewis lived on said H street in the city of Bedford, and had full knowledge of the prosecution of said work from its commencement to its completion. It is found that the contractor began the work "on the 1st day of April, 1895. and completed the same about the 20th day of August, 1895." The facts thus found we think sufficient to estop appellant from attacking collaterally the regularity of the proceedings. *Board, etc.*, v. *Plotner*, 149 Ind. 116; *New Albany Gas, etc., Co.* v. *Crumbo*, 10 Ind. App. 360; *Ross* v. *Stackhouse*, 114 Ind. 200, 205.

The eleventh specification of the assignment of errors, that the court erred in overruling defendant's motion for judgment in her favor, presents no question. *Smith* v. *Davidson*, 45 Ind. 396; *Peden, Adm.*, v. *King*, 30 Ind. 181.

It is claimed also that the findings of facts (numbers eighteen, nineteen, twenty, twenty-one, twenty-two, and twenty-three) show conclusively that the city never acquired title to all of H street. It appears from the special findings that H street was a public street of said city, and that appellant's property abutted upon the part improved. The portion of the street referred to was a strip of ground about thirty-two feet wide extending along H street; it is not contended that appellant's property abutted on this strip. It had been used as a public street since 1890. If the city did not own the fee, it still might improve the street. Appellant's property abutted on the portion improved; and if another part of the street was improved to which the city did not own the fee, appellant would have no right to complain. To defeat the improvement it would be necessary to show that the title could not be acquired. Elliott's Roads and Streets, 380; *Jackson* v. *Smith*, 120 Ind. 520.

The twelfth specification is that the record of the judgment is not, as appears from the record, signed by the judge trying the cause and rendering the judgment. This specification is not well taken for the reason that the return to the *certiorari* shows that Judge Hefron tried the cause and signed the judgment.

In the foregoing rulings complained of we find no error for which the judgment of the trial court should be reversed. It remains only to consider the third specification of error which challenges the sufficiency of the complaint. It is objected first, that it does not show the adoption of a resolution declaring the necessity for the proposed improvement, and stating the kind, size, and location, and designating points terminal as required by §4289 Burns 1894. Said section reads as follows: "Whenever cities or incorporated

towns subject to the provisions of this act shall deem it necessary to construct any sewer, or make any of the alley or street improvements in this act mentioned, the council or board of trustees shall declare by resolution the necessity therefor, and shall state the kind, size, location and designate the terminal points thereof, and notice for ten days of the passage of such resolution shall be given for two weeks in some newspaper of general circulation published in such city or incorporated town if there be any, and if there be not such paper, then in some such paper printed and published in the county in which such city or incorporated town is located. Said notices shall state the time and place, when and where the property owners along the line of said proposed improvement can make objections to the necessity for the construction thereof."

After averring that the council adopted a resolution ordering that H street be improved from the south line of 15th street to the south corporate limits of said city by grading, macadamizing, and guttering the street, and laying off sidewalks thereon, according to the plans and specifications theretofore adopted, the complaint avers that on the 3rd day of July, 1894, the common council had declared the necessity of making such improvement. It does not appear that the resolution contained more than the declaration of necessity. The character of the improvement was sufficiently stated. The assessment and not the resolution was the foundation of this action. The resolution was not, therefore, necessarily a part of the complaint. "The issue to be tried was" as said by our Supreme Court in *Ross* v. *Stackhouse*, 114 Ind. 205, (an action to enforce a lien for street improvements) "whether or not, in ordering the work and letting the contract, the common council proceeded under color of the statute, whether the work has been done in whole or in part according to the contract, and whether an estimate has been duly made of the work." The decisions in cases of this character have not held that all the detail of the actions of

the common council should be set out in the complaint. Second, that it does not show any sum due, and does not allege·a demand. A demand is not necessary. *Myers* v. *Indianapolis Union R. Co.*, 12 Ind. App. 170; *Sloan* v. *Faurot*, 11 Ind. App. 689. The complaint does not in terms allege that the assessment was due, but the statute fixes the time when assessments are due. The allegations showed the assessment made, and that the time for payment had passed, and appellant had refused to pay them. Third, because it does not show that any notice of the passage of any such resolution was given as required by said section. Fourth, because the only notice which the complaint shows was given was a notice of the intention to make certain improvement, instead of the passage of the resolution of necessity as required by law. Fifth, because it does not show that any notice was given of time when property owners along the line of the proposed improvement could make objection to the necessity for the construction thereof. Such notice has been held to be unnecessary. *Barber Asphalt Co.* v. *Edgerton*, 125 Ind. 455, 464; *Bozarth* v. *McGillicuddy*, 19 Ind. App. 26, 35; *Pittsburgh, etc., R. Co.* v. *Hays*, 17 Ind. App. 261. See, also, *Hughes* v. *Parker*, 148 Ind. 692. Sixth, because the complaint does not show the making of the report by the city civil engineer which furnished the necessary data for the assessment, as required by §4293 Burns 1894. The complaint alleges that, after the completion of the work and its acceptance by the city civil engineer and the common council, the engineer was ordered to make and report a final estimate of the cost of said improvement as by statute provided; that on the 10th of September the engineer reported his final estimate; that it was by the common council referred to an appropriate committee for consideration, and the council gave notice for two weeks by publication in the Bedford Mail, a newspaper of general circulation published in said city, that hearing would be had on said estimate before said committee on the 28th of September, 1895, at the council chamber. On

said day said committee met and considered said estimate, and reported to the common council approving the adoption of the same; that on the 1st of October, 1895, the council approved and adopted said estimate, and ordered that it be an assessment against lots and parts of lots bounding on said improved part of said street, and that said assessment be for the use and benefit of plaintiff. A copy of said estimate and assessment is made a part of the complaint as Exhibit A. This exhibit, which is to be read as a part of the complaint, sets out the facts touching said improvement required by said §4293 Burns 1894. By the statute, the civil engineer, when the work is completed, is required to make a final estimate of the total cost thereof, * * * to report to the common council the following facts touching said report, the average cost per running foot, etc. This report, when the estimate is approved, becomes the assessment. Notice was given that the assessment would be ordered, as stated. That which is called estimate in the complaint contained the facts which were required to be in the report. The council gave notice that a hearing would be had on said estimate. The estimate gave the information the report would have given. The appellation given this work of the civil engineer, the use of the word "estimate" instead of "report," when the estimate contained the facts required in the report cannot be considered serious error. Besides, it has been held by the Supreme and this Court that, when there is a special finding of facts, the overruling of a demurrer to pleadings is not material, where the facts necessary to a recovery are found. *Woodward v. Mitchell*, 140 Ind. 406; *Pape v. Randall*, 18 Ind. App. 53.

The special findings, among other facts, show that the common council adopted general plans and specifications for the improvement of streets, alleys, and walks, in accordance with which all improvements should thereafter be made, decided that the improvement was necessary, adopted a resolution ordering it to be made, gave notice by proper publi-

cation "of the passage of such resolution, * * * the necessity for the improvement," and notifying the property owners that objection to such improvement would be heard at a designated time and place in said city; that no person appeared to make objections to such improvement. "Unless, therefore, the law under which the assessment is imposed makes no provision for notice, or unless the proceedings under which the proposed improvement is to be made are totally void for want of the observance of some condition necessary to the attaching of jurisdiction, the work can not be arrested at any stage; and in any event, one who acquiesces, with knowledge, until after the improvement has been completed, cannot escape payment for the actual benefits received, even though the proceedings turn out to be void, provided the contractor proceeded in good faith and without notice from the property owner. He can not enjoy the benefits and escape the burden, unless he interferes or gives notice before the benefit is received." *Ross* v. *Stackhouse*, 114 Ind. 200.

It is stated in appellee's brief that the complaint under consideration is modeled on the complaint in *Van Sickle* v. *Belknap*, 129 Ind. 558. An examination of the complaint in that case as set out in the opinion supports the statement. It is a suit to enforce a lien for a street improvement. The complaint before us contains all the averments and others set out in the case referred to, except that of demand. The court, by Elliott, J., said: "It is our judgment that the complaint states facts entitling the appellee to a lien. It shows compliance with all of the material statutory requirements, and this is sufficient. It is never proper to plead evidence for only facts are to be averred." The court properly overruled the demurrer to the complaint.

The material jurisdictional facts are substantially averred in the complaint and found in the special findings. Judgment affirmed.